[No. 38642. Department Two. March 16, 1967.]
LEO L. WINGARD, *Appellant,* v. GEORGE HEINKEL, JR., *et al.,*
*Respondents.**

*Leo L. Wingard,* pro se.

*John G. McCutcheon, Edwin J. Wheeler,* and *Franklin L. Calkins,* for respondent Pierce County.

HUNTER, J.—This appeal arises from an equitable action for money had and received, instituted by Leo L. Wingard, plaintiff (appellant), against Pierce County, defendant (respondent), in September, 1964. An alternative claim was made to quiet title to certain real property in Pierce County, but this portion of the complaint was abandoned at trial. George and Louise Heinkel, record owners of the property in question, were thereafter dismissed.

The facts of this case are as follows: On December 1, 1961, the plaintiff purchased what he thought was the Heinkel property at public auction for $1,630. This sale was pursuant to a decree of foreclosure entered by the Superior Court for Pierce County, for the failure of the Heinkels to pay assessed property taxes in the amount of $673.79. It

*Reported in 424 P.2d 1010.

developed that while the sale appeared proper, the county had failed to properly describe the Heinkel property on its assessment rolls, and this error in description was carried through all the proceedings taken with respect to foreclosure of their lien. The description used described no existent parcel of real property and from such description no person of ordinary intelligence can locate and identify the listed property as that of the Heinkels. Faced with an uninsurable tax deed, the plaintiff made demand upon the county for return of the excess over the amount of taxes paid, which was refused. The plaintiff sought relief in the superior court for such reimbursement, and for such other equitable relief against the county as the court deemed just.

At the close of the evidence introduced, the court dismissed the plaintiff's case without prejudice, for failure of the complaint to state a claim for which there was a remedy, and for insufficiency of the evidence. Plaintiff appeals.

Plaintiff contends that since the original owner of the land still retains title, that plaintiff is entitled to whatever excess over delinquent taxes he had paid out, under RCW 84.64.080. That statute provides:

> If the highest amount bid . . . is in excess of the entire amount of the taxes and interest due . . . the excess shall be refunded, on application therefor, to the record owner of the property. In the event no claim for the said excess is received by the county treasurer within three years after the date of the sale he [the county treasurer] shall at expiration of the three year period deposit such excess in the current expense fund of the county.

This provision is not apposite, applying only to the record owner of the property who has been deprived of title by the forced sale. Here, the county concedes that the foreclosure proceedings on the Heinkel property were invalid and did not deprive him of title.

The county argues that despite the invalidity of its sale the plaintiff is not entitled to equitable relief; that the purchaser at foreclosure sale is subject to the rule of caveat

732

emptor; that the county does not warrant tax titles; and that the buyer assumes full responsibility for any and all defects in the title he receives. They cite *Shelton v. Klickitat Cy.*, 152 Wash. 193, 277 Pac. 839 (1929); *Anderson v. King Cy.*, 200 Wash. 354, 93 P.2d 284 (1939); *Hilton v. DeLong*, 188 Wash. 162, 61 P.2d 1290 (1936); *Pierce Cy. v. Newbegin*, 27 Wn.2d 451, 178 P.2d 742 (1947). These cases are inapplicable to the facts of the instant case. In them we applied caveat emptor to situations where, under valid foreclosure proceedings on existent property, the purchaser complained of clouds on his title, a much different circumstance than we face here.

█ The county is not an insurer of title; however, it is the duty of the county in tax foreclosure proceedings to describe the property to be sold with reasonable accuracy so as to permit the record owner to know that his property is being sold; for the purchaser to ascertain what property he is buying; and for a proper deed to be executed to the purchaser. The well-established rule is stated in *Kupka v. Reid*, 50 Wn.2d 465, 467, 312 P.2d 1056 (1957):

"When real estate is listed and assessed for taxation, it is ordinarily necessary that the assessment roll shall contain *a reasonably accurate description of the tract sought to be taxed.* The object of this requirement is stated by writers on taxation and tax titles to be three-fold, (1) it is designed to inform the owner of the claim upon his property; (2) it is designed that intending purchasers may know what property will be offered for sale in the event of the taxes becoming delinquent; and (3) it is also the intention that under such description a proper deed may be executed to the purchaser. Cooley, Taxation (2d ed.), p. 405; Black, Tax Titles (2d ed.), § 112." (Italics ours.)

In the instant case, since the description encompassed unascertainable and nonexistent property, the court was without jurisdiction to foreclose upon the Heinkel property. *Matthews v. Morrison*, 195 Wash. 288, 80 P.2d 856 (1938). It follows that the sale to plaintiff Wingard was totally without consideration and void; the county is wrongfully holding the money paid over by him. The facts not being in

dispute the plaintiff is entitled to judgment as a matter of law against the county for the full amount of the purchase price paid together with interest from the date of sale.

The judgment of the trial court is reversed and the cause remanded for the entry of judgment in accordance with this opinion.

FINLEY, C. J., DONWORTH and OTT, JJ., and LANGENBACH, J. Pro Tem., concur.

---

May 8, 1967. Petition for rehearing denied.