[No. 59-40717-2.    Division Two.    January 20, 1970.]

LEO L. WINGARD, *Appellant,* v. GEORGE HEINKEL, JR., *et al.,* *Respondents.*

*Leo L. Wingard,* pro se.

*Robert L. Beale,* for respondents.

PER CURIAM.—In *Wingard v. Heinkel,* 70 Wn.2d 730, 424 P.2d 1010 (1967), the Supreme Court held that a Pierce County treasurer's deed to the plaintiff, Leo L. Wingard, of some real property near Home, Washington was insufficient and the foreclosure sale to him was "totally without consideration and void . . .".

Notwithstanding the above result, plaintiff brought another action against the same defendants, Heinkel,[1] seeking to quiet title in himself to the same property, relying upon the same treasurer's deed previously held insufficient. In the earlier action the Supreme Court had awarded plaintiff judgment against the county for the full amount of the purchase price, together with interest from the date of sale.

---

[1] George Heinkel is now deceased.

Prior to commencing the instant action, plaintiff had satisfied that judgment.

Also, in the instant action, plaintiff added to the property previously litigated certain tidelands owned by the defendant, Heinkel, which were never subject to the tax foreclosure sale and were not included in the treasurer's deed.

On January 16, 1968 plaintiff obtained an order of default when the defendant failed to appear, and on January 17, 1968 caused the court to enter findings of fact, conclusions of law and judgment quieting title in him to the subject property.

On January 25, 1968 defendant moved to vacate the judgment and dismiss plaintiff's action with prejudice. After hearing the motion, the trial court vacated the judgment and dismissed plaintiff's action. Plaintiff appeals.

In support of its action, the trial court found that the judgment was procured by fraud, in that plaintiff had failed to disclose to the court relevant facts within his knowledge.

The trial court determined that the action should be dismissed under the doctrine of collateral estoppel and that plaintiff was thereby precluded from making further claim to the Heinkel property on the basis of the foreclosure sale and treasurer's deed.

The trial court acted correctly and its judgment should be affirmed. The findings of fact, which are not challenged on appeal, support the judgment. The record supports the findings. The default judgment was open to vacation under CR 55(c) and 60(b). It is clear that plaintiff could make no claim under RCW 84.64.330 to property, relying on a deed earlier declared to be invalid. The entire foreclosure procedure and deed issued were void, and consequently, the default judgment based thereon purporting to perfect title under the deed was voidable.

Plaintiff also claims that he has obtained title to the property by adverse possession for over 7 years, under color of title and payment of taxes (RCW 7.28.070). However, an instrument insufficiently describing property is not

824

color of title. *Schmitz v. Klee*, 103 Wash. 9, 173 P. 1026 (1918), *Scramlin v. Warner*, 69 Wn.2d 6, 416 P.2d 699 (1966).

The transcript on appeal shows that plaintiff has continued to pay taxes on the property purportedly covered by the invalid deed. The Supreme Court's opinion in *Wingard* establishes that he is entitled to a refund of such monies and, while this issue is not before this court, those payments, if in fact made, should be refunded by the county.

The judgment of the trial court is affirmed.