[No. 50120–3. En Banc. November 6, 1984.]

DOROTHY R. BROWER, *Respondent,* v. CLIFFORD WELLS, ET AL, *Appellants,* THE CITY OF YAKIMA, *Respondent.*

TOM R. HUGHES, *Respondent,* v. CLIFFORD WELLS, ET AL, *Appellants,* THE CITY OF YAKIMA, ET AL, *Respondents.*

*R. Maurice Cooper, Raymond L. Lebsack,* and *Lawrence L. Anderson,* for appellants.

*Donald J. Kinney* of *Evergreen Legal Services* and *Paulette L. Kohman,* for respondent Brower.

*Joel E. Smith* and *J. Tappan Menard* (of *Gavin, Robin-*

*son, Kendrick, Redman & Mays, Inc., P.S.),* for respondent City of Yakima.

*Rocky L. Jackson,* for respondent Hughes.

*Wilson & Mikesell,* by *G. L. Mikesell,* for respondent Yakima Federal Savings.

DORE, J.—We hold that the City of Yakima, in foreclosing on real property for failure to pay irrigation assessment liens, must conduct such sale with constitutional due process, which entails giving notice of such foreclosure actions to the property owners prior to the sheriff's sale. The City of Yakima foreclosed on properties owned by respondents Dorothy R. Brower and Tom R. Hughes for their failure to pay irrigation assessment liens. Notice was by publication pursuant to former RCW 35.50.090.[1] The properties were subsequently sold to appellant Wells. Brower and Hughes filed separate actions in superior court to quiet title to their respective properties. Additionally, respondent Brower

---

[1] In 1978 when the City of Yakima initiated these foreclosure proceedings, RCW 35.50.090 provided:

Upon the filing of the certificate which initiated the foreclosure action, the city or town treasurer with such legal assistance as the council may provide, shall cause a summons to be served by publication in one general notice describing the property as it is described on the assessment rolls. The summons shall require the defendants and each of them to appear and answer it within sixty days from the date of its first publication.

The summons shall be published once each week for four successive weeks in the official newspaper of the city or town or, if it has none, in any weekly newspaper published in the county in which the city or town is situated.

The publication of the summons shall be sufficient service thereof on all persons interested in the property described therein.

These notice provisions were repealed by Laws of 1982, ch. 91, § 9. The notice requirements for these foreclosure proceedings are presently set forth in RCW 35.50.250, which provides:

In foreclosing local improvement assessments, if the lot, tract, or parcel contains a residential structure with an assessed value of at least two thousand dollars, the summons shall be served upon the defendants in the manner required by RCW 4.28.080. For all other lots, tracts, or parcels the summons shall be served by either personal service on the defendants or by certified and regular mail.

We consider only the constitutionality of the former statute as applied in the instant case.

claimed damages and attorney fees for violation of her civil rights under 42 U.S.C. § 1983. The trial court quieted title to the properties in Brower and Hughes, but dismissed Brower's civil rights claim and ordered all parties to pay their own attorney fees. We affirm the trial court decision quieting title in Brower and Hughes, but reverse and remand for trial both respondents' damage and attorney fee claims under 42 U.S.C. § 1983.

### Brower v. Wells

Dorothy Brower, a 70–year–old widow, resides on her property with her son and daughter–in–law. The City of Yakima initiated proceedings in 1978 to foreclose local improvements liens for irrigation water service to the Brower property. Francis Brower, Mrs. Brower's deceased husband, was listed on the assessment rolls as the owner of the property although he died in 1976. Mrs. Brower had succeeded to the ownership of the property pursuant to a community property agreement, and had been listed on the county tax rolls since January 1977. The foreclosure proceedings were entirely in the name of Francis Brower as the owner of the property.

On April 21, 1978, the City mailed to Francis Brower at the property address a notice about foreclosure proceedings. The notice contained a copy of the city ordinance section relating to foreclosure, and a request that his delinquent assessment of $64.51 be paid by May 22. On July 11, 1978, the assistant city attorney mailed a letter to the same person and address, again indicating that some court action, foreclosure and sale, would occur unless the assessment was paid immediately.

Mrs. Brower did not respond to any of these communications. In September 1978, the City filed an action in superior court against the Brower property. The only notice of the foreclosure suit was by publication of the summons in the Yakima Herald Republic. Mrs. Brower did not subscribe to the paper, did not see the published summons, and remained unaware that foreclosure proceedings had

been initiated. The property was ultimately purchased at a foreclosure sale by Wells for $76.48, representing the delinquency and costs. Mrs. Brower received no notice of any rights under a foreclosure sale—to redeem, to claim a homestead, or to demand an upset price.

### Hughes v. Wells

Tom Hughes is a Yakima resident whose property, at the time of the foreclosure proceedings, was occupied by a tenant. His irrigation assessment became delinquent and the City mailed to him the same notices mailed to Brower. The mailed notices were returned to the City as "addressee unknown" or "unclaimed". A city employee called Hughes' tenant, whose identity was determined from utility bills. From the tenant, the City obtained another address for Hughes which did not coincide with his actual residence.

Foreclosure and sale ensued and Wells also purchased the Hughes property. The City published notice of the foreclosure action in the Yakima Herald Republic for 4 weeks as required by RCW 35.50.090. Hughes did not respond to the summons and did not redeem. He claims he received no notice of delinquency, foreclosure or sale and did not read the published summons. Hughes was not notified of any rights under a foreclosure sale—to redeem, to claim a homestead, or to demand an upset price.

In 1981, after expiration of the 2–year statutory redemption period, the City issued deeds to the two properties to Wells. In August 1981, Hughes and Brower filed separate lawsuits against the City of Yakima and Wells. Both complaints alleged that the City had given inadequate notice of the foreclosure proceedings, and asked the court to void the deeds to Wells and quiet title in the plaintiffs. Brower amended her complaint to include a claim for damages and attorney fees against the City under 42 U.S.C. § 1983. Wells cross claimed against the City for damages and attorney fees, should his title to the property be declared void. Yakima Federal Savings and Loan Association, the grantee of a deed of trust on the Hughes property, intervened in

the Hughes action to protect its lien rights under the deed of trust.

On summary judgment motions filed by all parties, the trial court

1. Quieted title to the properties in Brower and Hughes;

2. Dismissed Brower's claim of damages under 42 U.S.C. § 1983 against Wells and the City;

3. Dismissed Wells' claim of damages against the City subject to the City's repayment of the amount bid at the foreclosure sale plus interest;

4. Reinstated the interest of Yakima Federal Savings and Loan Association in the Hughes property; and

5. Ordered all parties to pay their own costs and attorney fees.

All parties appealed. We accepted review to determine the constitutionality of the notice provisions of former RCW 35.50.090, and whether the trial court erred in dismissing plaintiffs' civil rights claims under 42 U.S.C. § 1983.

I

CONSTITUTIONALITY OF RCW 35.50.090

The trial court ruled that RCW 35.50 provided two alternative methods for a municipality to foreclose on delinquent local improvement assessment liens. The City followed the procedure outlined in former RCW 35.50.090, which allowed the City to provide notice of the foreclosure action by publication. RCW 35.50.220–.270 provided an alternative procedure requiring the City to serve notice of foreclosure proceedings in the same manner as provided in mortgage foreclosures. *See* RCW 35.50.250. The trial court refused to address the constitutional issue, but held the City was required to follow the latter foreclosure procedure when the names and addresses of the property owners were easily ascertainable.

We disagree with the trial court's analysis. Former RCW 35.50.220–.270 simply provided an alternative procedure for the City to follow in foreclosing on delinquent local

improvement assessments.[2] There is no language suggesting the City is required to follow its provisions in any particular circumstances. *Case v. Bellingham,* 31 Wn.2d 374, 197 P.2d 105 (1948).

We must consider, therefore, the adequacy of the notice procedures followed by the City. RCW 35.50.030 required the City to mail a preforeclosure notice to the person listed on the city assessment rolls as the owner of the property charged with the assessment. This notice was mailed 30 days prior to commencement of foreclosure proceedings. RCW 35.50.090 provided for notice of the actual foreclosure action by publication of summons once a week for 4 weeks in the local newspaper. The statute required no personal service or service by mail.

The City and Wells argue that conformance with the statutory requirements provided the property owners with adequate notice of these foreclosure proceedings. They contend that minimum notice requirements apply in tax foreclosure proceedings because the government has a substantial interest in collecting revenue through the efficient exercise of its taxing power. *See, e.g., Leigh v. Green,* 193 U.S. 79, 48 L. Ed. 623, 24 S. Ct. 390 (1904); *Botens v. Aronauer,* 32 N.Y.2d 243, 298 N.E.2d 73, 344 N.Y.S.2d 892, *appeal dismissed* for want of substantial federal question, 414 U.S. 1059, 38 L. Ed. 2d 464, 94 S. Ct. 562 (1973). We disagree.

██ In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950), the Supreme Court held due process requires that, if feasible,

---

[2]Former RCW 35.50.220 provided in part:

*Alternative procedure—Commencement of action. In lieu of the foregoing procedure* for foreclosing local improvement assessment liens a city or town *may* by ordinance authorize and direct the use of an alternative method of proceeding by filing a complaint in the superior court of the county in which the city or town is located.

(Italics ours.)

The language of this statute is unambiguous. It clearly establishes an "alternative procedure" which "may" be used "in lieu of" the procedures outlined in RCW 35.50.010 *et seq.*

notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. Since *Mullane,* the Court has held that notice by publication in a condemnation proceeding, where the property owner's name and address were known to the City, did not meet due process standards. *Walker v. Hutchinson,* 352 U.S. 112, 1 L. Ed. 2d 178, 77 S. Ct. 200 (1956). In *Nelson v. New York,* 352 U.S. 103, 1 L. Ed. 2d 171, 77 S. Ct. 195 (1956), the Court held the notice procedures used by New York City in foreclosing its liens for unpaid water charges met due process requirements. The statute required that notice of the foreclosure proceeding be posted and published *and* a copy of the published notice mailed to the last known address of the owner of the property sought to be foreclosed. More recently, the Court held notice by publication was inadequate to provide due process to a mortgagee of real property sold at a tax sale:

> Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable.

*Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 800, 77 L. Ed. 2d 180, 103 S. Ct. 2706 (1983).

In the instant case, the City mailed *preforeclosure* notices to the owners of the properties subject to the assessment liens. However, no notice of the actual foreclosure proceedings was provided, other than by publication.

We recently held that notice by posting and publication of foreclosure proceedings on delinquent irrigation assessments pursuant to former RCW 87.03.310 was constitutionally inadequate where the name and address of the owner are known to, or can easily be discovered by, the governmental entity. *Wenatchee Reclamation Dist. v. Mustell,* 102 Wn.2d 721, 684 P.2d 1275 (1984). The names and addresses of respondents Brower and Hughes were obviously known to the City as preforeclosure notices were

mailed to both property owners. Failure to mail notice of the actual foreclosure proceeding to respondents violated due process requirements outlined by the Supreme Court in *Mullane* and its progeny. *See also Atkins v. Kessler,* 97 Cal. App. 3d 784, 159 Cal. Rptr. 231 (1979).

## II
### 42 U.S.C. § 1983 CLAIMS

Respondent Brower amended her original complaint against Wells and the City to include a claim for damages for deprivation of civil rights under 42 U.S.C. § 1983.[3] Respondent Hughes failed to specifically plead 42 U.S.C. § 1983 in his complaint, but now seeks damages for civil rights violations under the same theory as Brower. We must consider whether Hughes' complaint is sufficient to state a claim under the civil rights statute.

Hughes' complaint states in part:

The plaintiff, Tom R. Hughes, challenges the Irrigation Maintenance Assessment Deed issued to defendant Clifford Wells by the City of Yakima pursuant to a default judgment entered against him without personal service of notice of process on him, in violation of his rights to due process of law under the State and Federal Constitutions. Mr. Hughes seeks an order quieting title in him against defendant Wells' claims and also for declaratory relief against the City's use of the statutory procedures under which his property was sold.

Appellant's Clerk's Papers, at 272. The balance of the complaint outlines the constitutional defects in the statutory foreclosure procedure, seeks declaratory relief on the constitutionality of the statute and asks the court to quiet title to the property in Hughes.

 To state a claim for relief under 42 U.S.C. § 1983,

---

[3]42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

the plaintiff must allege that (1) defendant acted under color of state law, and (2) his conduct deprived the plaintiff of rights, privileges and immunities protected by the Constitution of the United States. *Parratt v. Taylor,* 451 U.S. 527, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981). Hughes' complaint is not couched in section 1983 terms, nor does it ask for damages. However, it does allege that the City violated Hughes' federal constitutional rights by foreclosing the assessment lien pursuant to the statutory scheme outlined in RCW 35.50.

Other jurisdictions have held that failure to specifically plead 42 U.S.C. § 1983 does not prevent recovery under its provisions so long as the essential elements of a 1983 claim are stated. *Gumbhir v. Kansas Bd. of Pharmacy,* 231 Kan. 507, 646 P.2d 1078 (1982); *Boldt v. State,* 101 Wis. 2d 566, 305 N.W.2d 133 (1981); *Fairbanks Correctional Ctr. Inmates v. Williamson,* 600 P.2d 743 (Alaska 1979). In *Williamson,* the Alaska court stated:

> Appellees contend that the federal Fees Award Act, which permits recovery of attorney's fees in proceedings to vindicate civil rights under Title 42 U.S.C. § 1983, is not applicable here because "The sole mention of [§ 1983] is in parenthesis in the title of the complaint; but it is missing from the body of the complaint, though all other relevant statutes are specifically pleaded." This technical objection will not stand to prevent recovery of fees under the federal act in this case. Combining the broad purposes of 42 U.S.C. § 1983—to provide a cause of action upon allegations of facts constituting deprivation under color of state authority of federal constitutional rights with the liberal pleading provisions of Alaska Rule of Civil Procedure 8—we think that the complaint did state a cause of action under § 1983.

(Footnotes omitted.) 600 P.2d at 747.

Similarly, CR 8(f) provides: "All pleadings shall be so construed as to do substantial justice." In the present case, Hughes alleged deprivation of federal constitutional rights by the City acting under color of state law. The injury he suffered and the claims he asserted were essentially identi-

cal to those present in the lawsuit filed by Brower. The facts of the two cases are virtually identical and the issues were litigated in the same summary judgment proceeding. These circumstances were sufficient to provide notice to the City of its exposure to section 1983 liability arising out of Hughes' claims. We find Hughes' complaint sufficient to state a cause of action for deprivation of civil rights under 42 U.S.C. § 1983.

We next must consider whether the facts of this case are sufficient to impose liability against the City for respondents' civil rights claims. The initial inquiry in a 42 U.S.C. § 1983 action focuses on two essential elements: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived the plaintiff of rights secured by the constitution or laws of the United States. *Parratt v. Taylor, supra.*

Both elements are present in this case. The City foreclosed irrigation assessment liens on Hughes' and Brower's properties pursuant to procedures outlined in RCW 35.50-.010–.210. Obviously, the City acted under color of state law. The notice provisions of this statutory foreclosure scheme were constitutionally inadequate. As a result of these proceedings, respondents lost their homes and were deprived of fundamental property rights without due process of law. *Wenatchee Reclamation Dist. v. Mustell, supra.*

The City contends the foreclosure proceedings did not constitute execution of official governmental policy so as to render it liable under 42 U.S.C. § 1983. In *Monell v. Department of Social Servs.*, 436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978), the Supreme Court defined the context in which liability will attach to a municipality under 42 U.S.C. § 1983:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be

said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

In the instant case, Yakima commenced foreclosure proceedings against the Brower and Hughes properties in compliance with Yakima City Ordinance 2196, enacted specifically for this purpose. The ordinance represents the official policy of the City and was the "moving force" behind the constitutional violations. *Monell v. Department of Social Servs., supra.* They violated both respondents' civil rights in providing inadequate notice of foreclosure proceedings against their properties. The trial court decision dismissing respondent's 42 U.S.C. § 1983 claims shall be reversed.

III

ATTORNEY FEES UNDER 42 U.S.C. § 1988

42 U.S.C. § 1988 provides in part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], or title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ A prevailing plaintiff in a 42 U.S.C. § 1983 action should recover attorney fees unless special circumstances render such an award unjust. *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 19 L. Ed. 2d 1263, 88 S. Ct. 964 (1968); *Jacobsen v. Seattle,* 98 Wn.2d 668, 658 P.2d 653 (1983). In *Jacobsen,* we recently held that a plaintiff prevailing under 42 U.S.C. § 1983 is entitled to attorney fees regardless of the good faith or bad faith of the defendant. 98 Wn.2d at 676. Good faith is not a special circumstance justifying denial of attorney fees to respondents. On remand, they are entitled to reasonable attorney fees under 42 U.S.C. § 1988.

IV

REIMBURSEMENT TO DEFENDANT WELLS

Wells, the purchaser of the Hughes and Brower proper-

ties at the tax sale, cross claimed against the City for return of the purchase price and damages. The trial court dismissed Wells' damage claim but ordered the City to repay the purchase price on both properties. Wells has appealed the dismissal of his claim for damages.

■ Generally, caveat emptor applies to purchasers at tax sales, and the purchase price may not be recovered if the tax sale is subsequently declared void. *Anderson v. King Cy.*, 200 Wash. 354, 93 P.2d 284 (1939); *Shelton v. Klickitat Cy.*, 152 Wash. 193, 277 P. 839 (1929). However, in *Wingard v. Heinkel*, 70 Wn.2d 730, 424 P.2d 1010 (1967), we ordered the purchase price refunded when the County failed to properly describe the property throughout the foreclosure process. Failure to properly describe the property deprived the trial court of jurisdiction, and rendered the tax sale totally without consideration. In the present case, because the notices of foreclosure proceedings were constitutionally inadequate, the court had no jurisdiction to entertain the foreclosure action. The tax sale to Wells was, therefore, without consideration and Wells is entitled to a refund of moneys paid.

Wells cites no authority to support his claim for damages against the City. While caveat emptor should not preclude recovery of the purchase price, the general application of the doctrine to tax sales defines the duties owed by the City or County to the purchaser. A purchaser at a tax sale takes without warranties, gambling on the validity of title purchased for a nominal price with expectations of large profits. *Anderson v. King Cy., supra.* The trial court properly denied Wells' claim for damages.

### Yakima Federal Savings and Loan Association

■ Finally, we consider the interest of Yakima Federal Savings and Loan Association in the Hughes property. The bank intervened in this action to protect its lien interest arising out of a deed of trust on the Hughes property. It received no notice of any foreclosure proceedings. In *Mennonite Bd. of Missions v. Adams, supra,* the Supreme

Court held notice by publication was insufficient to provide due process to a mortgagee of real property sold at a tax sale. The decision of the trial court, reinstating Yakima Federal Savings and Loan Association's property interest in the Hughes property, is affirmed.

## CONCLUSION

We hold the notice provisions of former RCW 35.50.090 constitutionally inadequate under standards provided in *Mullane v. Central Hanover Bank & Trust Co., supra,* and its progeny. We affirm the trial court's decision quieting title to the subject properties in Brower and Hughes.

We reverse the trial court's decision dismissing respondents' claims for damages and attorney fees under 42 U.S.C. § 1983. We hold the City liable to both respondents under this statute for deprivation of their civil rights. The case is remanded to the trial court for a determination of damages and attorney fees under 42 U.S.C. § 1983.

WILLIAMS, C.J., UTTER, BRACHTENBACH, DOLLIVER, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

ROSELLINI, J. (concurring in part, dissenting in part)—I concur with the majority's holding that former RCW 35.50-.090 is unconstitutional. I dissent to the finding of a claim for damages under 42 U.S.C. § 1983 (1982) and a corresponding award of attorney fees pursuant to 42 U.S.C. § 1988 (1982) as a matter of policy. It is manifestly unjust to impose damages and attorney fees against a city acting pursuant to a *state* statute later determined to be unconstitutional.

The trend in recent decisions has been to increase a city's liability under 42 U.S.C. § 1983. *See Monell v. New York Dep't of Social Servs.,* 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); *Owen v. Independence,* 445 U.S. 622, 63 L. Ed. 2d 673, 100 S. Ct. 1398 (1980). Nevertheless, the circumstances of these cases suggest this is only appropriate when a city acts pursuant to its own law or policy.

Prior to *Monell,* a section 1983 claim could not be brought against a city. In *Monell,* a class of women employees sued New York City for violating their constitutional rights. New York, as a matter of official *city* policy, compelled women to take unpaid pregnancy leaves. The Supreme Court held that cities were no longer immune from suit and said:

> Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies. Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision *officially adopted and promulgated by that body's officers.*

(Footnotes omitted; some italics ours.) *Monell,* at 690.

In *Owen,* a suit was brought against the City of Independence, Missouri, for violation of constitutional rights. The petitioner alleged he was discharged from his job without due process pursuant to a provision of the *city* charter. The *Owen* Court held that municipalities have no immunity from damages flowing from their constitutional violations. The decision was based on an analysis of legislative history and a discussion of policy. The Court said that a rule of no immunity for cities acts as a deterrent in preventing future constitutional violations. The Court reasoned that a city official will be careful not to violate the constitutional rights of a person if he knows he may be subjecting the city to a substantial section 1983 claim.

A deterrent is only effective, however, when the city official has a real choice to make. A city official acting pursuant to *state* law is presented with a Hobson's choice. He can either rely on the constitutionality of state law at the risk of subjecting the city to a substantial section 1983 claim or he can seek a judicial determination on the constitutionality of the statute, assuming arguendo the city has standing. This is plainly absurd.

A distinction needs to be made under section 1983 between a city acting pursuant to its own law or policy and a city acting pursuant to state law or policy. The City of Yakima was acting pursuant to state law which, until today, was recognized as valid by this court. *Case v. Bellingham,* 31 Wn.2d 374, 197 P.2d 105 (1948). While I concur with the majority that the statute is unconstitutional, I dissent from placing the financial burden on the City of Yakima. A city acting pursuant to state law should be immunized from 42 U.S.C. § 1983 claims for damages and corresponding 42 U.S.C. § 1988 awards of attorney fees.

Reconsideration denied February 7, 1985.