[No. 12947–3–I. Division One. September 3, 1985.]

JOHN C. MACLEAN, *Appellant,* v. THE CITY OF
BELLINGHAM, *Respondent.*

*William Johnston,* for appellant.

*Waitt, Johnson & Martens, Robert L. Christie, Bruce Disend, City Attorney,* and *Charles Shaw, Assistant,* for respondent.

WEBSTER, J.—John C. MacLean appeals from a summary judgment which dismissed his civil rights action under 42 U.S.C. §§ 1983, 1984 and denied his request for attorney's fees and costs. We affirm.

On November 21, 1982, a Bellingham police officer issued a citation to MacLean for driving while license suspended. On November 28, 1982, the officer again cited MacLean for driving while license suspended and impounded MacLean's vehicle pursuant to RCW 46.20.435.[1]

---

[1] RCW 46.20.435, as originally enacted, provided:

"Impoundment of vehicle for driver's license violations—Release, when—Rules implementing. (1) Upon determining that a person is operating a motor vehicle without a valid driver's license in violation of RCW 46.20.021 or with a license that has been expired for ninety days or more, or with a suspended or revoked license in violation of RCW 46.20.342 or 46.20.420, a law enforcement officer may immediately impound the vehicle which the person is operating.

"(2) If the driver of the vehicle is the owner of the vehicle, the department shall not release the vehicle impounded under subsection (1) of this section until the owner of the vehicle:

"(a) Establishes to the department that any penalties, fines, or forfeitures owed by the person driving the vehicle when it was impounded have been satisfied; and

"(b) Pays to the person who impounded and stored the vehicle the reasonable costs of such impoundment and storage.

"(3) If the driver of the vehicle is not the owner of the vehicle, the driver shall be responsible for any penalties, fines, or forfeitures owed or due and for the costs of impoundment and storage. The vehicle shall be released to the owner upon proof of such ownership.

"(4) The department shall adopt such rules as are necessary for the administration of this section."

RCW 46.20.435 was amended by Laws of 1985, ch. 391, § 1 to provide for a hearing procedure.

In December, MacLean filed a complaint against the City of Bellingham asking for "Declaratory and Injunctive Relief and for Damages and Attorney's Fees Pursuant to 42 U.S.C. 1983, 1984." He later moved for summary judgment, requesting the court to declare RCW 46.20.435 unconstitutional and award him damages and attorney's fees as a result of civil rights violations. The City also moved for a summary judgment asking for dismissal of MacLean's claims for compensatory damages and attorney's fees.

The trial judge granted the declaratory relief, holding the statute to be unconstitutional because it lacked provisions for either a post or pre–deprivation hearing. The judge also granted summary judgment to the City, ruling, as a matter of law, that the City was not liable under 42 U.S.C. § 1983 when its officer enforced a state statute which had not previously been ruled unconstitutional.

At the hearing for presentation of the order granting summary judgment, a dispute arose as to whether MacLean had been granted or had even requested injunctive relief. The court refused to order an injunction and denied Mac-Lean's motion for reconsideration. MacLean appeals the dismissal of his civil rights claim against the City, the denial of attorney's fees and costs, and the judge's refusal to grant injunctive relief.

### INJUNCTIVE RELIEF

We first consider whether the trial court erred in denying MacLean's request for injunctive relief.[2]

Although MacLean's complaint is entitled "Complaint for Declaratory and Injunctive Relief and for Damages and Attorney's Fees Pursuant to 42 U.S.C. 1983, 1984," he did not request injunctive relief in the complaint's prayer for relief. The only mention of injunctive relief in the body of the complaint is in paragraph 10 in which MacLean cites the title of the act authorizing declaratory and injunctive

---

[2]At the outset, we note the trial court's finding that RCW 46.20.435 is unconstitutional has not been appealed.

relief.[3]

In MacLean's written motion he moves the court for summary judgment "and/or for temporary declaratory and injunctive relief." MacLean mentions injunctive relief in the caption and the first sentence of his memorandum in support of the summary judgment.[4] However, there is no argument in the memorandum in support of the injunctive relief nor did MacLean mention such relief at the hearing on the motion for summary judgment.

When presenting the order for entry, MacLean proposed an order providing for injunctive relief. The City argued that the request for an injunction was not in the complaint's prayer for relief and, therefore, MacLean was not entitled to an injunction. The trial judge ruled that MacLean was bound by his technical defect and refused to order the injunction or to allow him to amend the complaint.[5]

■ The issue is whether the pleadings were sufficient to put the City on notice that injunctive relief was being requested.

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled.

CR 8(a)(1), (2). MacLean's complaint did not contain a demand for judgment for injunctive relief. Furthermore, a complaint, even under our liberal rules of pleading, is

---

[3]Paragraph 10 reads: "Plaintiff also requests pursuant to the Washington Declaratory Judgment Act for Declaratory and Injunctive Relief that [the statute] . . . is unconstitutional".

[4]The first sentence of the memorandum reads:
"THIS MEMORANDUM is submitted in support of the plaintiff's motion for summary judgment and/or for declaratory and injunctive relief concerning the constitutionality of Senate Bill No. 3549 chapter VIII, Laws of 1982."

[5]Because of our determination that MacLean would not be entitled to injunctive relief even if the pleadings were sufficient, we do not address his contention that the trial court erred in denying his request to amend the complaint.

required to contain direct allegations sufficient to give notice to the court and the opponent of the nature of the plaintiff's claim. *Berge v. Gorton,* 88 Wn.2d 756, 567 P.2d 187 (1977); *Warren v. Glascam Builders, Inc.,* 40 Wn. App. 229, 698 P.2d 565 (1985). We find the pleadings insufficient to give the City and the trial court notice of the type of injunctive relief requested.

 Even if we were to find the pleadings sufficient to give notice of the relief, MacLean would have to show he was entitled to such relief; that there is not a "plain, complete, speedy and adequate remedy at law." *Tyler Pipe Indus., Inc. v. Department of Rev.,* 96 Wn.2d 785, 791, 638 P.2d 1213 (1982). He has made no such showing. The granting or withholding of an injunction is within the sound discretion of the trial court and will only be reviewed for an abuse of discretion. *Washington Fed'n of State Employees, Coun. 28 v. State,* 99 Wn.2d 878, 665 P.2d 1337 (1983). We find no abuse of discretion.

## RELIEF UNDER 42 U.S.C. § 1983

The second issue is whether the trial court erred in finding as a matter of law that the City was not liable for damages under 42 U.S.C. § 1983.[6]

In *Monell v. Department of Social Servs.,* 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978), the United States Supreme Court held that municipalities were "persons" under 42 U.S.C. § 1983 and could be sued directly when it is alleged that the unconstitutional action implements or executes a policy statement, ordinance, regulation, or deci-

---

[6]42 U.S.C. § 1983 reads:

"§ 1983. Civil action for deprivation of rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

sion officially adopted and promulgated by that body's officers. *Monell,* at 690. *Accord, Brower v. Wells,* 103 Wn.2d 96, 690 P.2d 1144 (1984).

The Court in *Monell* held that a local government may not be sued under section 1983 for an injury inflicted solely by its employees or agents, but it is only

> when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell,* at 694.

The trial judge had before him the transcript of the lower court's hearing on the impound of the vehicle. At the hearing the officer who impounded the vehicle testified as follows:

> [Officer]: When the law first came out, there evidentally [*sic*] was some question within our own ranks as to whether or not we would be using the law; we referred that question to [the Captain of Operations]. [The Captain] at first had a memo out stating that it was going to be researched as all new laws are before we act on the laws and to momentarily wait before using the law. Sometime later, it wasn't a very long period of time, within several weeks, we began using that, we began impounding vehicles under the specific law.
> [Counsel]: I take it from what you said, [the Captain] let it be known through the department that he was giving his approval to enforcement of the law?
> [Officer]: That's correct.
> [Counsel]: And you don't know who [the Captain] conferred with before he authorized the men on the line to go out and enforce the law if you came upon a situation where it warranted it?
> [Officer]: No I don't.

Based on the officer's testimony, MacLean argues that the City had adopted an official policy to enforce the statute even though the statute was unconstitutional. MacLean would have us hold that anytime a local law enforcement officer enforces a state statute, the local government which

employs the officer, by implication, adopts an official policy with respect to that statute which would render it liable should the statute later be declared unconstitutional. We decline to so hold.

MacLean cites *Brower v. Wells, supra,* as authority for his contention that the City is liable for damages. However, *Brower* is distinguishable from the instant case. In *Brower,* the City of Yakima foreclosed on certain properties when the owners failed to pay irrigation assessment liens. Yakima followed notice procedures set forth in a state statute, RCW 35.50.090, which was later determined to be unconstitutional. The properties were sold at a foreclosure sale and the property owners alleged claims under 42 U.S.C. § 1983. The Washington Supreme Court found Yakima had violated the landowners' civil rights, basing Yakima's liability on the fact that Yakima commenced the foreclosure proceedings in compliance with city ordinance 2196. The court stated, "[t]he ordinance represents the official policy of the City and was the 'moving force' behind the constitutional violations." *Brower,* at 107.

In contrast, the City of Bellingham has instituted no such official policy. According to the impounding officer's testimony, the Bellingham police captain sent a memo to his officers requesting them to postpone enforcing RCW 46.20.435. Sometime later he approved enforcement of the statute. Statutes are presumed constitutional. *Seattle v. Shepherd,* 93 Wn.2d 861, 613 P.2d 1158 (1980). The police captain and his officer, even if their conduct was wrongful, were not acting to implement a policy of the City of Bellingham, but rather were acting to implement state policy. *See Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir. 1980). The police captain is not an official whose edicts or acts may fairly be said to represent the official policy of the City. Summary judgment dismissing the civil rights claims was proper.

### ATTORNEY'S FEES AND COSTS

Lastly, we address the issue of whether the trial court

erred in refusing to award attorney's fees and costs. Because we affirm the trial judge's dismissal of MacLean's claims under 42 U.S.C. § 1983, MacLean is not entitled to attorney's fees and costs under 42 U.S.C. § 1988. Furthermore, we find that both parties were prevailing parties in the court below and, therefore, no costs are awarded under RCW 4.84.030.

Affirmed.

SWANSON and COLEMAN, JJ., concur.

Review denied by Supreme Court November 8, 1985.