[No. 18288–9–I.   Division One.   July 13, 1987.]

ROBERT HALE, ET AL, *Appellants,* v. THE CITY OF SEATTLE, *Respondent.*

Richard B. Sanders, for appellants.

Douglas N. Jewett, City Attorney, and Gordon F. Crandall, Assistant, for respondent.

DORE, J.*—Appellants prevailed in their action to void Seattle ordinance 112500 on a theory of law that did not entitle them to attorney's fees. They appeal the dismissal of their claim alleging violation of federal civil rights legislation, under which attorney's fees are awardable. We affirm.

RCW 19.27A[1] establishes a state energy code that, with certain exceptions, preempts local energy codes as of April 1985. RCW 19.27A.030. One of the exceptions is for first class cities with a population over 300,000 which operate electrical utilities, if they have energy codes designed to achieve reduction in energy consumption relative to the state energy code. RCW 19.27A.030(2). Only Seattle fits that exception, and it enacted a new energy code, Seattle ordinance 112500, which was more restrictive than the state code.

Appellants, homeowners and construction companies (hereinafter referred to collectively as Hale), sued to declare Seattle's new energy code void on various grounds, including that it violated the prohibition against special legislation of the Washington State Constitution, article 2, section 28(6), and that it denied them equal protection of the laws. The court issued a declaratory judgment, holding the ordinance void as violating the special legislation prohibition, and reserving for subsequent determination Hale's other claims. The City did not appeal the declaratory judgment.

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

[1]Laws of 1985, ch. 144 and ch. 360 amended certain sections of RCW 19.27 and enacted new sections to constitute an act relating to energy-related building standards, codified at RCW 19.27A.

Because the determination that the ordinance violated the Washington State Constitution did not entitle Hale to attorney's fees, Hale sought an award of fees under federal civil rights legislation. Hale moved for a summary judgment to determine that the ordinance violated his equal protection rights under the United States Constitution and 42 U.S.C. § 1983, entitling him to attorney's fees under 42 U.S.C. § 1988. The City cross–moved for a partial summary judgment to dismiss this aspect of Hale's claim. The court granted the City's cross motion and denied Hale's motion.

EQUAL PROTECTION AND 42 U.S.C. § 1983

1. Rational relationship test. Hale argues that the state energy code, which allows Seattle to enact a more stringent code, denies equal protection, and so Seattle's ordinance implemented an unconstitutional state law. Any person, including a municipal corporation, that under color of any statute or ordinance subjects another to the deprivation of any right secured by the United States Constitution, is liable under 42 U.S.C. § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); *Brower v. Wells,* 103 Wn.2d 96, 690 P.2d 1144 (1984).

Hale concedes that the energy codes do not affect a suspect classification or a fundamental or basic right. Therefore, the minimal scrutiny of the rational relationship test for equal protection analysis applies, and there is a heavy burden to overcome the presumption of the statute's constitutionality. *E.g., Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 834–36, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979 (1980). This scrutiny requires three steps of inquiry: (1) Does the classification apply alike to all members within the designated class? (2) Does some basis in reality exist for reasonably distinguishing between those within and without the designated class? (3) Does the challenged classification have any rational relation to the purposes of the challenged statute? *Yakima Cy. Deputy Sheriff's Ass'n,* at 835–36.

The challenger of legislation must show conclusively that

the classification is contrary to the legislation's purposes. *Yakima Cy. Deputy Sheriff's Ass'n*, at 836. "[E]qual protection does not require a state to attack every aspect of a problem. Rather, the legislature is free to approach a problem piecemeal and learn from experience." *Yakima Cy. Deputy Sheriff's Ass'n*, at 836.

RCW 19.27A.030(2) excepts from preemption energy codes of "first class cities with a population over three hundred thousand which operate electrical utilities, that are designed to achieve reduction in energy consumption relative to the revised state energy code." Although only Seattle belongs to that classification, the classification meets the first prong of the rational relationship test, because it applies on its face to every member of the classification.

Hale alleges that the classification fails on the second prong: that no basis in reality exists for distinguishing between those falling inside the classification and those without. However, Representative Mike Todd, Vice–Chair of the House Energy and Utilities Committee and a leader in the enactment of the state energy code asserts the following reasons for the exception:

> Sound reasons exist for this exemption. Larger cities are able to apply resources to studies, policy analyses, and citizen participation on a scale such that they can make a significant contribution to energy code development. Cities with their own electric utilities are likely to take extra interest in energy codes, both because of the possible need to provide expensive new generating resources if load growth occurs and because of the provision of federal regional power legislation. Having both resources and motivation, larger cities with their own electric utilities are sufficiently likely to make valuable independent contributions to energy code development to justify exempting them from state preemption. In the past, the City of Seattle has provided a good example of this principle. Seattle has been a leader in energy code development in the region. Many features in the 1980 State Energy Code and the revised state code are derived from independent work done by Seattle. It is therefore

logical to assume that large cities motivated by ownership of an electric utility will continue to make similar innovative contributions.

Clerk's Papers, at 284–85 (affidavit of Mike Todd).

The last prong of rational relationship scrutiny is whether the challenged classification bears a rational relationship to the purposes of the legislation. The purpose of RCW 19.27A appears to be to set building standards to promote safety and energy conservation. The other exceptions in the statute—for counties and cities that have already enacted energy codes designed to achieve reduction in energy consumption relative to the statewide code, and for those for which the statewide code is not cost effective—indicate that the prevailing purpose of RCW 19.27A was not necessarily uniformity. RCW 19.27A.030(2)–(3). The testimony of Representative Mike Todd, quoted above, shows that the Legislature might rationally believe that excepting Seattle from the requirements of RCW 19.27A, while requiring Seattle to maintain an energy code "relative" to that statute, would tend to promote the energy conservation purposes of the statute while providing flexibility for Seattle to develop a better code.

2. Collateral estoppel. In its declaratory judgment, the trial court stated:

This court concludes that there is no rational basis for the exclusion of "first–class cities with a population over 300,000 which operate electrical utilities" from the pre–emption clause of the state energy code as codified in [RCW 19.27A.030(2)], and accordingly concludes that this exception to pre–emption is special legislation violative of Article II, Section 28(6), of the Washington State Constitution, is void, and is severable from the remainder of the statute. Accordingly, this court concludes that Seattle's new energy code insofar as it pertains to residential uses has been pre–empted by state statute and is void in so far as the ordinance was enacted under the exemption of [RCW 19.27A.030(2)].

Clerk's Papers, at 62–63. The City did not appeal that judgment, which is now the law of the case.

■ Hale argues that the City is collaterally estopped from challenging the court's determination that there was no "rational basis" for the exception, and that this determination requires a finding that there was an equal protection violation. The following questions must be answered in the affirmative for a finding of collateral estoppel:

> (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

*Rains v. State*, 100 Wn.2d 660, 665, 674 P.2d 165 (1983). Here, the crucial question is the first.

It is well settled that the inquiry as to whether legislation violates the special legislation prohibition of Const. art. 2, § 28 and the inquiry as to whether it violates equal protection guaranties are not the same. As discussed above, equal protection analysis considers whether a classification in a statute is rationally related to its objectives, in light of the Legislature's right to strive to reach objectives in a piecemeal fashion. *Seattle v. State*, 103 Wn.2d 663, 674, 694 P.2d 641 (1985). The focus of special legislation scrutiny, on the other hand, is upon what the law excludes. *Seattle v. State*, at 674; *Equitable Shipyards, Inc. v. State*, 93 Wn.2d 465, 479, 611 P.2d 396 (1980). "[A] special law is one which arbitrarily separates some person, place or thing from those upon which it would otherwise operate." *Equitable Shipyards, Inc.*, at 479. Thus, a conclusion that it is not "rational" to exclude Seattle from the statewide energy code for the purposes of the prohibition against special legislation does not necessarily mean that it violates equal protection guaranties. *See also* 2 E. McQuillin, *Municipal Corporations* § 4.19 (3d ed. 1979) ("A violation of the state prohibition against local or special laws is not necessarily a violation of [the equal protection] provision, since the

former is more comprehensive than the latter."). Because the inquiries as to whether the ordinance violated the special legislation prohibition of the Washington Constitution and whether it violated the equal protection provisions of the United States Constitution are not identical, Hale is not entitled to the benefit of collateral estoppel.

CONCLUSION

The finding that Seattle's energy codes violates the Washington State Constitution does not entitle Hale to attorney's fees. Hale is entitled to fees only if he can demonstrate a violation of the United States Constitution. Because of the differences between the special legislation prohibition of the Washington State Constitution and the equal protection provisions of the United States Constitution, a violation of the former does not indicate a violation of the latter, or that attorney's fees should be awarded under 42 U.S.C. § 1988. Under the doctrine of res judicata, we are bound by the unappealed ruling that Seattle's energy code violated the special legislation provision of the Washington Constitution. We are not bound, however, to find a violation of the United States Constitution, and we do not find such a violation here. Accordingly, Hale is not entitled to attorney's fees in this matter. We affirm.

JOHNSEN and PATRICK, JJ. Pro Tem., concur.

Review denied by Supreme Court November 4, 1987.