[No. 7995–3–III. Division Three. December 13, 1988.]

PIONEER NATIONAL TITLE INSURANCE COMPANY, *Appellant,*
v. THE COUNTY OF SPOKANE, *Respondent.*

*John F. Bury* and *Murphy, Bury & Bantz,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Garald A. Gesinger, Deputy,* for respondent.

THOMPSON, C.J.—Pioneer National Title Insurance Company appeals dismissal on summary judgment of its action against Spokane County resulting from the County's tax sale of exempt real estate owned by the State of Washington. We affirm. Pioneer Title's action against the State also

was dismissed on summary judgment. We affirmed that judgment in *Pioneer Nat'l Title Ins. Co. v. State,* 39 Wn. App. 758, 695 P.2d 996 (1985).

The dispute involves property at East 1912 and 1914 Sharp Avenue (Lot 3) in Spokane owned by the State as part of its granted school lands. Charles T. Justice purchased the property on contract in 1955, but the contract was canceled for nonpayment in 1956. The Spokane County Auditor and Treasurer were notified of the State's action in letters dated December 19, 1956.

The County continued to assess taxes against the property despite a public property tax exemption, *see* RCW 84.36.010. Lot 3 was sold for delinquent taxes at a public sale in 1964. Progress Investors, Inc., purchased the property for $115. Title was transferred to several subsequent buyers by statutory warranty deeds. A duplex was built on the property in 1973.

In 1981, the State became aware of the improvements on its property and notified Mr. and Mrs. Bradley Derr, who believed they had purchased Lot 3 in 1979, of the State's ownership. Pioneer Title acquired its interest in the property by quitclaim deed in 1982, and thereafter brought this action against the State and Spokane County. Pioneer Title claims the County is liable for negligence because it breached various statutory duties related to the property tax exemption on State lands and a duty to properly convey record title by deed. The Superior Court granted summary judgment and dismissed the action against the County in 1986.

The issues in this appeal relate to whether Spokane County owed a duty of care to Pioneer Title. When the defendant is a government entity, an important issue that frequently arises is whether the duty of care runs to the injured party or to the public in general. *Taylor v. Stevens Cy.,* 111 Wn.2d 159, 163, 759 P.2d 447 (1988).

This basic principle of negligence law is expressed in the "public duty doctrine". Under the public duty doctrine,

no liability may be imposed for a public official's negligent conduct unless it is shown that "the duty breached was owed to the injured person as an individual and was not merely the breach of an obligation owed to the public in general (*i.e.*, a duty to all is a duty to no one)." *J & B Dev. Co.* [*v. King Cy.*, 100 Wn.2d 299, 303, 669 P.2d 468, 41 A.L.R.4th 86 (1983), *overruled in Taylor,* at 168]; *Chambers–Castanes v. King Cy.*, 100 Wn.2d 275, 284, 669 P.2d 451, 39 A.L.R.4th 671 (1983); 18 E. McQuillin, *Municipal Corporations* § 53.04b (3d ed. 1984).

*Taylor,* at 163. The Supreme Court has identified several "exceptions" to the public duty doctrine. *See Bailey v. Forks,* 108 Wn.2d 262, 268, 737 P.2d 1257, 753 P.2d 523 (1987). Pioneer Title argues two of those exceptions apply here: first, it contends several statutes demonstrate a legislative intent to protect purchasers at tax sales.[1] *See Honcoop v. State,* 111 Wn.2d 182, 188, 759 P.2d 1188 (1988); second, it argues its privity of title and language in the County's deed create a "special relationship" with the County. *See Taylor,* at 166; *Meaney v. Dodd,* 111 Wn.2d 174, 178–79, 759 P.2d 455 (1988).

We first address the legislative intent issue. The public duty doctrine does not bar governmental liability where a legislative enactment identifies and protects a particular and circumscribed class of persons. *Halvorson v. Dahl,* 89 Wn.2d 673, 676, 574 P.2d 1190 (1978). "If a statute evidences an intent to protect a particular class of individuals, a member of that class may bring a tort action against a

---

[1]Pioneer Title frames its argument in the context of the doctrine of negligence per se, under which legislative enactments may, in some circumstances, provide specific standards of care. *See Kness v. Truck Trailer Equip. Co.,* 81 Wn.2d 251, 501 P.2d 285 (1972); Restatement (Second) of Torts § 286 (1965). However, the doctrine of negligence per se focuses on whether "a court [should] substitute a statutory standard of conduct for the less restrictive common law standard of reasonableness . . ." *Mina v. Boise Cascade Corp.,* 104 Wn.2d 696, 703–04, 710 P.2d 184 (1985). Here, by contrast, the focus is on whether a governmental entity's duty, created by statute, runs to a "particular and circumscribed class of persons . . ." *Bailey,* at 268. Pioneer Title is not prejudiced by this interpretive shift in its argument, because of the similarity of our analysis here and the first negligence per se factor: the enactment must "protect a class of persons which includes the one whose interest is invaded . . ." *Kness,* at 257.

governmental entity for its violation of the statute." *Honcoop*, at 188; *see Baerlein v. State*, 92 Wn.2d 229, 232, 595 P.2d 930 (1979).

Former RCW 84.36.010[2] stated:

> Public property exempt. All property belonging exclusively to the United States, the state, any county or municipal corporation shall be exempt from taxation.

Pioneer Title identifies two other statutes relating to this exemption. They are former RCW 84.40.175,[3] which provided:

> Listing of exempt property—Proof of exemption. At the time of making the assessment of real property, the assessor shall enter each description of property exempt under the provisions of RCW 84.36.005 through 84.36-.060, and value and list the same in the manner and subject to the same rule as he is required to assess all other property, designating in each case to whom such property belongs, and for what purpose used, to entitle it to exemption, and he shall require from every person claiming such exemption proof of the right to such exemption.

and RCW 84.40.230,[4] which provides:

> Contract to purchase public land. When any real property is sold on contract by the United States of America, the state, or any county or municipality, and such contract expresses or implies that the vendee is entitled to the possession, use, benefits and profits thereof and therefrom so long as he complies with the terms of such contract, it shall be deemed that the vendor retains title

---

[2]The quoted statute was enacted in 1961, *see* Laws of 1961, ch. 15, § 84.36-.010, and is identical to the previous statute. *See* Laws of 1955, ch. 196, § 3. The statute has been amended by Laws of 1967, 1st Ex. Sess., ch. 145, § 35; Laws of 1967, 1st Ex. Sess., ch. 149, § 31; Laws of 1969, ch. 34, § 1; and Laws of 1971, 1st Ex. Sess., ch. 260, § 1. The quoted language thus was in effect throughout the period at issue here, *i.e.*, 1956 to 1964.

[3]The quoted statute was enacted in 1961, *see* Laws of 1961, ch. 15, § 84.40-.175, and is essentially identical to the previous statute. *See* Laws of 1925, 1st Ex. Sess., ch. 130, § 9. This statute has been amended by Laws of 1975, 2d Ex. Sess., ch. 61, § 15; and Laws of 1986, ch. 285, § 3.

[4]The quoted statute was enacted in 1961, *see* Laws of 1961, ch. 15, § 84.40-.230, and is identical to the previous statute, *see* Laws of 1947, ch. 231, § 1.

merely as security for the fulfillment of the contract, and such property shall be assessed and taxed in the same manner as other similar property in private ownership is taxed, and the tax roll shall contain, opposite the description of the property so assessed the following notation: "Subject to title remaining in the vendor" or other notation of similar significance. No foreclosure for delinquent taxes nor any deed issued pursuant thereto shall extinguish or otherwise affect the title of the vendor. In any case under former law where the contract and not the property was taxed no deed of the property described in such contract shall ever be executed and delivered by the state or any county or municipality until all taxes assessed against such contract and local assessments assessed against the land described thereon are fully paid.

■ Pioneer Title argues the purpose of these statutes is to prevent taxation and sale of publicly owned property, and this protection ultimately runs to buyers at tax sales. The statutes are intended to exempt publicly owned lands from taxation. Former RCW 84.40.175 protected against improper exemptions by requiring a notation of ownership and proof of the right to an exemption. RCW 84.40.230 provides for taxation of publicly owned property being sold on contract. The provisions were not written to protect potential buyers, but rather to exempt from taxes only that property which is legitimately entitled to exemption. In fact, RCW 84.40.230 specifically envisions the circumstances of this case by providing that a deed issued pursuant to delinquent taxes does not affect the title of the vendor.

Unlike the recording statute, RCW Title 65, one purpose of which is to protect subsequent purchasers, *see* 2 Washington State Bar Ass'n, *Real Property Deskbook* § 32.3, at 32–3 (2d ed. 1986), the statutes relied upon by Pioneer Title are intended to provide for efficient taxation and exemption of publicly owned lands. Pioneer Title is not part of a class intended to be protected by these statutes, and its reliance on these statutes to establish liability is misplaced.

Next, we must decide whether Pioneer Title is in a "special relationship" with Spokane County. A duty by a government entity may become focused on a particular individual if a "special relationship" has arisen between the entity and the individual. *Taylor,* at 166. A threshold question, however, is whether the County has *any* duty of care.

> [T]he general application of the doctrine [of caveat emptor] to tax sales defines the duties owed by the City or County to the purchaser. A purchaser at a tax sale takes without warranties, gambling on the validity of title purchased for a nominal price with expectations of large profits. *Anderson v. King Cy.,* [200 Wash. 354, 93 P.2d 284 (1939)].

*Brower v. Wells,* 103 Wn.2d 96, 108, 690 P.2d 1144 (1984). The County owes no duty to transfer clear title to the seller at a tax sale.

Even if a duty exists, however, a special relationship arises only when: (1) there is some form of privity or direct contact between the governmental entity and the plaintiff, setting the plaintiff apart from the general public; (2) specific or express assurances are given by the governmental entity; and (3) there is justifiable reliance on those assurances by the plaintiff. *Taylor,* at 166; *Meaney,* at 178–79; *Honcoop,* at 192.

 Here, Pioneer Title argues its position in the chain of title establishes privity with the County. Arguably, privity of title is a connection that sets Pioneer Title apart from the public. However, there are no warranties in the treasurer's deed, as *Brower* indicates, and this demonstrates there were no specific or express assurances of clear title given by the County. Pioneer Title argues the County did give assurances by including the following language in the deed: "In proceedings to foreclose tax liens upon real property and an order of sale duly issued by said Court Progress Investors, Inc., duly purchased in compliance with laws of the State of Washington, the following described real property . . ." This language contains no assurance of clear title

upon which Progress Investors, Inc., or its successors could justifiably rely. Pioneer Title has not established a "special relationship" with Spokane County.

In *Taylor v. Stevens Cy., supra,* the court evaluated several public policy considerations in overruling *J & B Dev. Co. v. King Cy.,* 100 Wn.2d 299, 669 P.2d 468, 41 A.L.R.4th 86 (1983).

> We hold that no duty is owed by local government to a claimant alleging negligent issuance of a building permit or negligent inspection to determine compliance with building codes. The duty to ensure compliance rests with individual permit applicants, builders and developers. Accordingly, the special relationship exception to the public duty doctrine has no application where a claimant alleges negligent enforcement of building codes because local government owes no duty of care to ensure compliance with the codes.
>
> The concept of duty is a reflection of all those considerations of public policy which lead the law to conclude that a "plaintiff's interests are entitled to legal protection against the defendant's conduct." W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 53, at 357 (5th ed. 1984); *see Haslund v. Seattle,* 86 Wn.2d 607, 611 n.2, 547 P.2d 1221 (1976). The existence of a duty is a question of law. *Pedroza v. Bryant,* 101 Wn.2d 226, 228, 677 P.2d 166 (1984). Several policy considerations compel our conclusion that it is the duty of individuals, not local government, to ensure compliance with building codes.

*Taylor,* at 168.

To find liability in this case would in effect make the County a guarantor of clear title in any deed issued pursuant to a tax sale. This result is inconsistent with the court's recognition in *Brower* that the tax sale buyer is gambling a nominal amount on the validity of title. Here, Progress Investors, Inc., gambled $115 that the County's tax lien was legitimate. That the lien was not legitimate was a risk Progress Investors, Inc., took when it paid the nominal amount for the property.

The judgment is affirmed.

GREEN, J., and FARIS, J. Pro Tem., concur.