[No. 45321. En Banc. May 31, 1979.]

OTTO BAERLEIN, ET AL, *Appellants*, v. THE STATE
OF WASHINGTON, ET AL, *Respondents*.

*Peterson, Bracelin, Young & Putra,* by *Elizabeth J. Bracelin* and *Brian A. Putra,* for appellants.

*Slade Gorton, Attorney General,* and *Earl R. McGimpsey, Assistant,* for respondent.

*W. J. Thomas Ferguson* and *David N. Lombard,* amici curiae.

DOLLIVER, J.—This case presents the question of the extent to which the State is required to protect its citizens from economic injury caused by the activities of a third party.

Plaintiffs appeal directly from a summary judgment order dismissing their claims against the securities division of the Department of Motor Vehicles (now the Department of Licensing). The case arises out of the activities of Sparkman & McLean Company, a Washington corporation, and its related companies. Plaintiffs were investors in the corporation which went into receivership in 1970. Although the receivership with respect to Sparkman & McLean Income Fund, Sparkman & McLean Investment Fund, Inc., and Retirement Income Corporation was ended in 1975, receivership with respect to Sparkman & McLean Company was still proceeding at the time the defendants' motion for summary judgment was granted.

Plaintiffs' action, filed as a class action but not yet certified, is based on the alleged failure of the State to enforce the provisions of the Securities Act of Washington (RCW 21.20), and its own administrative regulations. Plaintiffs allege the securities division owed or assumed a duty to them and that the duty was breached when the division issued permits for the sale of securities by Sparkman & McLean Company, and then failed to issue stop orders against the false and misleading advertising and registration statements of the company.

Defendants moved for summary judgment of dismissal, arguing (1) it owed no duty to plaintiffs, and (2) the statute of limitations had run on plaintiffs' action. The trial court granted the motion on the ground that the defendants owed no duty to investors in the company, but found

plaintiffs' claim was not barred by the statute of limitations. The State cross–appealed from the statute of limitations portion of the summary judgment order. Since we hold the State owed no duty to plaintiffs which is enforceable in tort, we need not consider the question of the statute of limitations on the cross appeal.

██ ██ In order for a cause of action for negligence to exist, there must first of all be a duty of care on the part of the defendant. *Morgan v. State,* 71 Wn.2d 826, 430 P.2d 947 (1967); *Lewis v. Scott,* 54 Wn.2d 851, 341 P.2d 488 (1959). The traditional rule is that a regulatory statute imposes a duty on public officials which is owed to the public as a whole, and that such a statute does not impose any duties owed to a particular individual which can be the basis for a tort claim. *Halvorson v. Dahl,* 89 Wn.2d 673, 676, 574 P.2d 1190 (1978). The rule is almost universally accepted regardless of the exact nature of the statute relied upon by the plaintiff. *See* 18 McQuillin, *Municipal Corporations* § 53.04(b) (3d rev. ed. 1977); 2 *Cooley on Torts* § 300 (4th ed. 1932); Shapo, *The Duty to Act: Tort Law, Power & Public Policy* 80, 92, 106 (1977); *H.R. Moch Co. v. Rensselaer Water Co.,* 247 N.Y. 160, 159 N.E. 896 (1928); *Jahnke v. Incorporated City of Des Moines,* 191 N.W.2d 780 (Iowa 1971); *Massengill v. Yuma County,* 104 Ariz. 518, 456 P.2d 376 (1969); *Riss v. New York,* 22 N.Y.2d 579, 240 N.E.2d 860, 293 N.Y.S.2d 897 (1968); *Keane v. Chicago,* 98 Ill. App. 2d 460, 240 N.E.2d 321 (1968). *Contra: Adams v. State,* 555 P.2d 235 (Alaska 1976); *Coffey v. Milwaukee,* 74 Wis. 2d 526, 247 N.W.2d 132 (1976); *Tcherepnin v. Franz,* 393 F. Supp. 1197 (N.D. Ill. 1975).

In *Halvorson,* we announced what was called an "exception" to the traditional rule: "Liability can be founded upon a municipal code if that code by its terms evidences a clear intent to identify and protect a particular and circumscribed class of persons." *Halvorson,* at 676. While we have characterized the *Halvorson* doctrine as an "exception", other courts have simply considered it a part of the traditional rule of nonliability. *See Stranger v. New York*

*State Elec. & Gas Corp.,* 25 App. Div. 2d 169, 268 N.Y.S.2d 214 (1966); *Motyka v. Amsterdam,* 15 N.Y.2d 134, 204 N.E.2d 635, 256 N.Y.S.2d 595 (1965). Obviously a statute which by its terms creates a duty to individuals can be the basis for a negligence action where the statute is violated and the injured plaintiff was one of the persons designed to be protected by the legislation. A clear statement of legislative intent to protect individuals does not need an "exception" to the traditional rule; it is simply a statutory duty imposed upon the governmental entity. By our language in *Halvorson,* we advised legislative bodies that, when they impose a duty on public officials as a whole, no duty in tort is owed to a particular individual. If, on the other hand, the legislation evidences a clear intent to identify a particular and circumscribed class of persons, such persons may bring an action in tort for violation of the statute or ordinance. Thus, the first question we must determine in this case is if such a clear legislative intent exists.

■ Plaintiffs point to RCW 21.20.020, .100, .230, .280(5), .360, .450, and .900, of the securities act as evincing a legislative intent to protect individual investors. However, other portions of the securities act and the administrative code regulations adopted pursuant to the act severely limit the duty of the State and, in our opinion, contradict the "clear intent" plaintiffs assert.

We believe RCW 21.20.360 gives a true statement of the duty the legislature intended to impose on the regulatory agency:

Neither the fact that an application for registration under RCW 21.20.050, a registration statement under RCW 21.20.180 or 21.20.210 has been filed, nor the fact that a person or security if effectively registered, constitutes a finding by the director that any document filed under this chapter is true, complete, and not misleading. Neither any such fact nor the fact that an exemption or exception is available for a security or a transaction means that the director has passed in any way upon the

merits of qualifications of, or recommended or given approval to, any person, security, or transaction. It is unlawful to make, or cause to be made, to any prospective purchaser, customer, or client any representation inconsistent with this section.

This is a complete disclaimer by the State that any documents filed under the securities act by any security or person registered under the act are true, complete and not misleading. The registration statements, advertising and other documents complained of by plaintiffs as containing false, fraudulent and misleading information were all filed with the securities division and under RCW 21.20.360 the State specifically disclaims any duty as to documents which may be untrue or misleading.

In addition, WAC 308–132–010(1), which was in effect at the time the State was alleged to have failed to act, reads in part:

Neither this statement of policy nor any matters contained herein is intended as an approval or authorization of any advertising material which is misleading, deceptive or unfair even though such advertising may appear to be in accordance with the statement of policy.

The statutory provisions relied upon by plaintiffs do not indicate a clear legislative intent to impose a duty as to individual investors. Rather, they show an attempt by the legislature to bring order and regulation to the securities industry which will inure to the protection of investors as a class and the public generally. *See Georges v. Tudor,* 16 Wn. App. 407, 556 P.2d 564 (1976). The State further brings to our attention that in 1969–70, the period relevant to this case, there were 2,000 permits to sell securities issued by the securities division. The division staff consisted of the supervisor and one examiner. This is further evidence that the intent of the legislature was simply to provide some protection to the investing public and not to indemnify any person injured by a licensee under the securities act.

Finally, in *Halvorson,* the court found clear intent through the language contained in the declaration of purpose for the statute. There is no declaration of purpose in the securities act and the preamble of the Securities Act of 1923, the predecessor to the present statute, contains no declaration of purpose to protect individual investors. *See* Laws of 1923, ch. 69, p. 207. The plaintiffs do not come under the *Halvorson* rule.

■ Even if no clear intent is shown, however, plaintiffs urge that they come under one of the exceptions to the rule. The first exception was discussed in *Campbell v. Bellevue,* 85 Wn.2d 1, 9–10, 530 P.2d 234 (1975). We said:

> We have no particular quarrel at this time with the general premise on which the cases relied upon by the City stand, *i.e.,* negligent performance of a governmental or discretionary police power duty enacted for the benefit of the public at large imposes no liability on the part of a municipality running to individual members of the public. Nevertheless, we note that running either explicitly or implicitly through some of the leading cases cited by the City is the thread of an exception to the general rule they espouse, *i.e.,* where a relationship exists or has developed between an injured plaintiff and agents of the municipality creating a duty to perform a mandated act for the benefit of particular persons or class of persons, then tort liability may arise.

The *Campbell* exception contemplates a situation where the agents of the governmental body had knowledge of a defect which violated the statute, failed to take corrective action, and caused plaintiffs to rely on an assurance that the situation had been corrected. The special relationship in *Campbell* between the agent of the City of Bellevue and the plaintiffs, and the assurance imparted to the plaintiffs that action to correct faulty wiring had been taken, is not present here. Plaintiffs do no more than allege a general relationship between themselves and the agents of the securities division. Although plaintiffs assert the securities division knew or should have known of the fraud allegedly perpetrated by Sparkman & McLean, they do not assert

the crucial factor of the *Campbell* exception: that the agents of the securities division gave assurance that corrective measures had been taken and that there was reliance based on that assurance. Plaintiffs do not come under the first exception.

The second exception is the "volunteer rescue" doctrine enunciated in *Brown v. MacPherson's, Inc.,* 86 Wn.2d 293, 545 P.2d 13 (1975). There the court held the State could be liable in tort if the State's agents, even if acting beyond their statutory authority, gratuitously assumed the duty to warn plaintiffs of danger and then breached that duty by failing to warn them. Plaintiffs urge that since the securities division issued administrative regulations and approved advertising, the State somehow comes under the "volunteer rescue" doctrine. Plaintiffs misread the rule. In *Brown,* the State had been warned by a third party of a specific danger—in that case the extreme hazard of avalanches—and had failed to convey that information to either the general public or to owners and occupants of certain property.

Nothing remotely near to this circumstance appears in this case. No evidence of fraud or misleading information was imparted by a third party to the securities division and no duty was gratuitously assumed by the securities division. The second exception does not apply to plaintiffs.

Since there is no clear legislative intent to protect individual investors and since plaintiffs do not come under either of the two exceptions to the traditional rule, the State owed no duty to plaintiffs to protect them from the fraudulent acts of Sprakman & McLean, Inc. The judgment of the trial court is affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.