[No. 17458-4-I.   Division One.   April 8, 1987.]

PAUL MEANEY, ET AL, *Plaintiffs,* v. CHARLES H. DODD, ET AL, *Appellants,* SKAGIT COUNTY, *Respondent.*

*William H. Nielsen* and *McIntosh, Lewis, Evans & Nielsen,* for appellants.

*C. Thomas Moser, Prosecuting Attorney,* and *John R. Moffat, Deputy,* for respondent.

WILLIAMS, J.—Charles and Connie Dodd appeal from an order granting summary judgment of dismissal of their cross claim against Skagit County for negligence. The facts are that in February 1982, Charles Dodd filed an application with the Skagit County Permit Center and Planning Department for a special use permit to operate a semiportable sawmill on his property in Sedro Woolley. Although he requested assistance from Department employees in completing the application forms and in determining that his proposal complied with county code requirements, he did not specifically request information regarding noise limits. Dodd submitted an environmental checklist in which he stated that his proposal would increase existing noise levels. He explained, "Due to normal operation of the mill proper and small machinery associated with the operation, some minimum amount of increase will be noticed." Because it had not been built, no one knew how much noise there would be.

The assistant director of the planning department, after reviewing the environmental checklist, issued a declaration that the proposal would not have a significant adverse impact on the environment. Steven Wood, a zoning administrator, visited the property. He made staff findings for the hearing examiner and recommended that conditions be placed on issuance of the permit. Finding 7 stated, "With operation of the sawmill there will be increased noise in the area." Again, because the mill had not been built, Wood did not know how much noise would be produced.

On March 3, 1982, a hearing examiner granted the special use permit, with certain conditions not relevant to this case. Later that month, the County issued Dodd a building permit, and, in September, construction of the mill began.

Thereafter, Paul and Janet Meaney, who lived next door to Dodd's property, complained to the Planning Department, alleging that Dodd failed to plant trees around the property for screening, operated the sawmill on Sundays and made deliveries with greater frequency than permitted. During the next year and a half, Wood and other associates in the Department visited Dodd's property five times and two hearings were held to review the permit, resulting in the permit remaining in effect.

In the fall of 1983, the Meaneys brought this action against the Dodds and Skagit County. In December 1983, another Department official visited the property. For the first time, the noise level was measured with a meter, the reading being that the sawmill operated in excess of the 55 dBA limit of Skagit County Code 14.04.180. Dodd apparently conducted his own tests and determined that compliance with this noise limit was impossible or economically unfeasible considering the location of the sawmill and the Meaneys' home. In January 1984, another public hearing was held, resulting in the revocation of the permit because of lack of compliance with the noise limit of SCC 14.04.180. The board of commissioners affirmed the decision. Dodd did not appeal this decision nor did he seek a variance from the noise limit.

Because operations at the sawmill were discontinued, the Meaneys lost interest in the lawsuit, but the Dodds filed a cross claim against Skagit County, alleging:

VI.

That Skagit County, its agents and employees were negligent in failing to provide accurate information in response to requests by defendants Dodd concerning requirements for the installation of the saw mill.

. . .

VIII.

That Skagit County, its agents and employees were negligent in issuing a permit that was not valid and one that could not have been valid under any conditions. That Skagit County, its agents and employees had a duty to disclose to defendants Dodd facts that made it impos-

sible for the project to comply with Skagit County codes.

IX.

That Skagit County, its agents and employees were negligent in issuing the building permit to defendants Dodd.

The trial court granted Skagit County's motion for summary judgment dismissing the cross claim, determining that the County did not breach any duty owed to Dodd and that Dodd had not exhausted his administrative remedies.

Guiding principles are found in the following two paragraphs from *J & B Dev. Co. v. King Cy.*, 100 Wn.2d 299, 304, 669 P.2d 468, 41 A.L.R.4th 86 (1983):

> The Legislature, by adopting RCW 4.96.010, declared that municipal corporations "shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their officers . . . to the same extent as if they were a private person or corporation". It should be noted, however, that this type of legislation creates no new causes of action, *Edgar v. State,* 92 Wn.2d 217, 595 P.2d 534 (1979), *cert. denied,* 444 U.S. 1077 (1980), imposes no new duties and brings into being no new liability. *Georges v. Tudor,* 16 Wn. App. 407, 556 P.2d 564 (1976). At best it gives new life to an existing, but previously unenforceable, potential liability or remedy by removing the defense of sovereign immunity. *Georges v. Tudor, supra. See also LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975); 18 E. McQuillin [*Municipal Corporations*] § 53.04b, at 126 [(3d ed. 1977)].
>
> It is a well recognized principle of tort law that a fundamental element of actionable negligence is the existence of a duty owed by the person charged with negligence to the one injured. E. McQuillin, *supra.* To be actionable, the duty owed must focus on the one injured, not on the public at large. To sustain an action against an individual, it is necessary to determine whether one is under a duty to a claimant as opposed to the general public. Similarly, to sustain an action against a municipality it is necessary to decide whether a municipality is under a general duty to a nebulous public or whether that duty has focused on the claimant.

The duty to a claimant as opposed to the general public arises when there is a "special relationship."

where a relationship exists or has developed between an injured plaintiff and agents of the municipality creating a duty to perform a mandated act for the benefit of particular persons or class of persons, then tort liability may arise.

*Campbell v. Bellevue,* 85 Wn.2d 1, 10, 530 P.2d 234 (1975).

■ Such a relationship was created. The County is the only governmental body empowered to grant or deny special use permits. The issuance of a special use permit inherently implies that the issuing agency has verified that the proposed use complies with the applicable provisions of the county code. Dodd knew that he could take no action without the approval of the Department. Moreover, the subsequent inspections, hearings and reaffirmation by the Department reinforced Dodd's reliance on the validity of the permit. *J & B Dev. Co.,* at 306–07. He could and justifiably did rely upon the accuracy of the permit, subsequently suffering an economic loss due to the Department's overlooking a significant noise limit in the code.

The County argues that it had no duty to inform Dodd about the noise limit because he gave it no information that the increase in the noise level would be more than minimal. Sawmills are notorious for making noise, and this proposal was likely to cause a significant noise level increase. Dodd's representation regarding the noise level increase was probably correct as far as semiportable sawmills go. Noise levels are subject to specific rules in the code, which the County is charged with enforcing. The primary function of the Department is to grant permits for only those uses allowed by the code.

The duty of the County was to exercise reasonable care in issuing a valid use permit, *J & B Dev. Co.,* at 307–08, and the trial court erred in concluding otherwise.

As for Dodd not appealing the Board's decision revoking the permit nor seeking a variance, neither of these actions would defeat his cause of action for negligence against the County. His failure to take such action may have some effect upon the question of damages, but that is for the

trial court to decide.
Reversed and remanded.

GROSSE and PEKELIS, JJ., concur.

Review granted by Supreme Court July 1, 1987.