[No. 12646-0-II.   Division Two.   December 12, 1990.]

HILDEGARD SMITH, ET AL, *Respondents*, v. THE STATE OF WASHINGTON, *Petitioner*.

*Kenneth O. Eikenberry, Attorney General,* and *Michael P. Lynch, Assistant,* for petitioner.

*Merrifield B. Rees* and *McCormick, Hoffman, Rees, Faubion, Quinn & Van Buskirk, P.S.,* for respondents.

PETRICH, J.—The claimants, Hildegard Smith and others (Smith), purchased unregistered securities from William Bruntz that later proved worthless. When Bruntz absconded, they turned to the State for relief. They claim that the State, through the Securities Division of the Department of Licensing, negligently supervised Bruntz's activities after having issued an earlier cease and desist order against Bruntz for his illegal investment practices. Thus, they claim that this mishandling of the earlier charge against Bruntz and their loss because of Bruntz's misdeeds makes the State liable for their losses.

This court accepted discretionary review of the trial court's denial of the State's summary judgment motion for dismissal. We reverse.

## I

■■ "A motion for summary judgment is properly granted if there is no genuine issue of fact as to any material element necessary to support a claimed cause of action." *Peoples Nat'l Bank v. Ostrander,* 6 Wn. App. 28, 32, 491 P.2d 1058 (1971). This court must engage in de novo review; it must make the same inquiry as the trial court, looking to the pleadings, depositions, admissions, and affidavits to determine if there are any genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Once the moving party has submitted adequate affidavits, the nonmoving party has the burden of setting forth specific facts that rebut the moving party's contentions and that disclose genuine issues of material fact. *Seven Gables Corp. v. MGM/UA Entertainment Co.,* 106 Wn.2d 1, 13, 721 P.2d 1 (1986). The nonmoving party "may not rely on speculation, argumentative assertions that unresolved factual issues remain". *Seven Gables,* at 13.

## II

In 1984, the Securities Division of the Washington State Department of Licensing investigated a complaint about

William R. Bruntz, a securities dealer. The Securities Division found that Bruntz did not hold a valid license and was selling unregistered securities. The Division then issued a cease and desist order to Bruntz on April 17, 1984. Bruntz agreed to comply with that order. Receiving no further complaints, and without monitoring Bruntz's activities, the State closed its file on April 15, 1985.

Between April 1984 and February 1986, Smith purchased securities from Bruntz. These sales were in violation of the cease and desist order and without the knowledge of the Securities Division. During this time, Bruntz continued to advertise in the newspaper and on a reader board in front of his business.

In 1986, Bruntz stopped paying interest to Smith on her investments. Smith then brought suit against the Securities Division alleging that the Division had a duty to protect her from the losses she suffered.

Both Smith and the State moved for summary judgment. The trial court denied both motions, ruling that an issue of fact existed as to whether the Securities Division should have known of a violation of The Securities Act of Washington.

### III

The trial court ruled that while the State did not know of Bruntz's activities concerning Smith's investments, perhaps it should have known, and, therefore, the State was not immune from suit as a matter of law.

The State, relying on *Baerlein v. State,* 92 Wn.2d 229, 595 P.2d 930 (1979) and *McKasson v. State,* 55 Wn. App. 18, 776 P.2d 971, *review denied,* 113 Wn.2d 1026 (1989), contends that it, while acting through the Securities Division of the Department of Licensing, had no duty to Smith as a matter of law and was entitled to a summary judgment of dismissal. In *Baerlein,* the court rejected claims against the State by investors who had purchased securities of little or no value. The investors claimed that the State breached its duty to them when it failed to issue stop orders against

false and misleading material contained in the licensee's registration statement and advertising material. The court then ruled that the State had no duty to the investors because the State's statutory authorization specifically disclaimed any responsibility as to the truth, competence, or nonmisleading nature of documents filed under the securities act. The court explained that the statutory scheme was designed to provide some protection to the investing public, but not to indemnify an individual injured by a licensee under the act. Likewise, in *McKasson,* the court rejected claims against the State by investors who had purchased real property securities in a fraudulent "Ponzi" scheme. The court rejected the notion that the individual investors were in a class of persons intended to be protected by the securities act and held that the State had no duty to them.

Smith does not dispute that the State's waiver of sovereign immunity by virtue of RCW 4.92.090[1] is qualified by the public duty doctrine.[2] Smith, however, contends here that the State's liability is premised on one or more of the exceptions to the doctrine. We disagree.

The public duty doctrine, which immunizes the State from claims based on the State's negligent or improper exercise of its regulatory authority, is subject to four recognized exceptions. None of these exceptions applies here.

---

[1] "**Tortious conduct of state—Liability for damages.** The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation. [1963 c 159 § 2; 1961 c 136 § 1.]"

[2] This doctrine provides that the government's regulatory duty which runs to the public in general does not run to members of the public individually (*i.e.,* "a duty to all is a duty to no one"). *Bailey v. Forks,* 108 Wn.2d 262, 265, 737 P.2d 1257, 753 P.2d 523 (1987).

## A. LEGISLATIVE INTENT

This exception[3] applies when there is a regulatory statute that "evidences a clear legislative intent to identify and protect a particular circumscribed class of persons." *Honcoop v. State,* 111 Wn.2d 182, 188, 759 P.2d 1188 (1988). In *Baerlein v. State, supra,* the court examined specific securities statutes, the declaration of purpose for the act, and the preamble to the predecessor of the current securities laws and determined that no such specific legislative intent exists. *Baerlein,* 92 Wn.2d at 233–34. We agree that the Legislature has shown no intent to protect this particular class of investors.

## B. SPECIAL RELATIONSHIP EXCEPTION

This exception is used to determine when the State's general duty focuses on a claimant. *Taylor v. Stevens Cy.,* 111 Wn.2d 159, 166, 759 P.2d 447 (1988). Three prerequisites are required, none of which exist in the present case:

(1) There must be privity or direct contact between the public official and the injured plaintiff.

(2) The public official must give express assurances.[4]

(3) The plaintiff must justifiably rely on those assurances.

*See Taylor,* at 166.

Smith stipulated that she had no contact with any person in the Securities Division prior to this complaint. Therefore, as there was no privity or direct contact between the State and Smith, this exception cannot apply.

---

[3]Though often referred to as an exception, "it is simply a statutory duty imposed upon the governmental entity" and not an exception. *Baerlein,* 92 Wn.2d at 232.

[4]*Taylor* specifically overruled *J&B Dev. Co. v. King Cy.,* 100 Wn.2d 299, 669 P.2d 468, 41 A.L.R.4th 86 (1983), which had held that "inherent assurances" were sufficient. *Taylor,* 111 Wn.2d at 167–68.

## C. Volunteer Rescue Exception

■ This exception is based on the tort theory that if one undertakes to render aid to another or to warn a person in danger, one must exercise reasonable care. If a rescuer fails to exercise care and increases the risk of harm to those he is trying to rescue, he is liable for any damages he causes. *Brown v. MacPherson's, Inc.,* 86 Wn.2d 293, 299, 545 P.2d 13 (1975). This exception has two elements, neither of which is satisfied in the present case.

(1) The State agents must gratuitously assume the duty to warn the plaintiffs of the danger; and

(2) They must breach their duty by failing to warn the endangered parties.

## D. Failure To Enforce Exception

Under the failure to enforce exception a general duty of care owed to the public can be owed to an individual where:

(1) Governmental agents responsible for enforcing statutory requirements possess actual knowledge of a statutory violation.

(2) They fail to take corrective action.

(3) There is a statutory duty to do so.

(4) And the plaintiff is within the class the statute intended to protect.

*See Honcoop v. State,* 111 Wn.2d 182, 190, 759 P.2d 1188 (1988).

■ The trial court ruled that a material issue of fact existed as to whether the State should have known about Bruntz's violations and, therefore, it denied the State's motion for summary judgment. This was error. In *Zimbelman v. Chaussee Corp.,* 55 Wn. App. 278, 282, 777 P.2d 32 (1989), *review denied,* 114 Wn.2d 1007 (1990), the court specifically said that "what the official should have known", though "a familiar and well–recognized rule in general tort law, . . . does not apply in this context." The *Zimbelman* court looked to the history of cases supporting the *Taylor*

*v. Stevens Cy., supra,* decision and found that "[k]nowledge does not include what an official might have known if he had performed his duties more effectively or vigilantly." *Zimbelman,* 55 Wn. App. at 282.

Here, it is undisputed that the State did not have knowledge of the transactions. As Smith fails to meet this first element of the test, the failure to enforce exception does not apply.

The State had no duty to protect these claimants and the trial court should have granted the State's motion for summary judgment.

Judgment reversed.

ALEXANDER, C.J., and WORSWICK, J., concur.

Review denied at 116 Wn.2d 1012 (1991).