739 A.2d 948

**Robert F. BISER**

v.

**Carol L. DEIBEL, et al.**

**No. 5852, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Oct. 29, 1999.

672

W. Michel Pierson (Pierson, Pierson & Nolan, on the brief), Baltimore, for appellant.

Samuel L. Israel (Miles & Stockbridge P.C., on the brief), Columbia, for appellees.

Argued before DAVIS, SONNER and ADKINS, JJ.

DAVIS, Judge.

In 1990, appellant Robert F. Biser sought judicial review in the Circuit Court for Harford County of the decision of the Board of Appeals (Board) of the Town of Bel Air. On January 26, 1990, the trial court (Baldwin, J.) issued an order requiring the Town of Bel Air to grant appellant the special exceptions and variances allowing him to use buildings for commercial purposes on property zoned residential. On September 25, 1992, appellant filed suit in the circuit court against appellees Carol L. Deibel, Edsel A. Docken, and four other defendants for compensatory and punitive damages alleging the intentional and negligent deprivation of property rights, and the tort of negligent misrepresentation arising from the Board's initial denial of his request for the special exception.

In response, appellees filed a joint memorandum for summary judgment, which the lower court (Carr, J.) granted. Appellant filed an appeal to the Court of Special Appeals. On December 31, 1997, this Court affirmed the grant of summary judgment on three counts, but reversed the judgment for appellees on Count IV, and remanded for further proceedings. Soon thereafter, appellees filed a second motion for summary judgment alleging that they were entitled to public official immunity. On November 30, 1998, the trial court issued a written opinion and order granting appellees' motion for summary judgment. Appellant timely noted this appeal and presents for our review two questions, which we restate as follows:

I. Did the trial court err by concluding that appellee Deibel was a public official entitled to immunity?

II. Did the trial court err in holding, as a matter of law, that appellant failed to state a claim of negligent misrepresentation upon which relief can be granted against appellees?

For the reasons set forth herein, we answer appellant's questions in the negative, and affirm the judgment of the lower court.

## FACTUAL BACKGROUND

Appellant owns two contiguous tracts of land situated in the R–2 zoning district in the Town of Bel Air upon which he sought to construct two office buildings. The town zoning ordinance permitted the conversion of a dwelling into a professional office space only upon approval as a special exception by the Board. In August 1988, appellant met with appellee Carol L. Deibel, Director of Planning and Community Development (Director of Planning) for the Town of Bel Air, to discuss the particulars that would allow him to construct office buildings on the property. Deibel advised appellant that he should obtain setback variances from the Board before constructing the office buildings; he should thereafter request approval of the special exception once the buildings were substantially complete. After the setback variances were granted, appellant was to construct the two buildings to appear as if they were residential dwellings.

On September 27, 1988, appellant appeared before the Board for a hearing on his application for setback variances, and his request was granted. Appellant, in May 1989, completed his building plans and submitted applications for building permits to appellee Edsel A. Docken, Assistant Planner of the Town of Bel Air. When Docken reviewed the plans, he discovered that the buildings were designed solely for commercial use and were, in fact, labeled as office buildings. Docken then altered the applications by striking out the reference to "commercial office building" and replacing it with the word "dwelling." Docken advised appellant that this alteration on the application must be done, because the buildings could not yet be commercial structures.

The building permits for the construction of residential dwellings were issued on June 27, 1989 and, subsequently, appellant began construction. In August 1989, appellant sought approval of the project's underground storm water management facility. Appellant was informed that approval for the storm water management facility could not be given until the Board had granted special exceptions that would

permit conversion of the structures from residential to commercial use. Deibel advised appellant that the buildings would have to be substantially completed in order to be granted special exceptions. On September 26, 1989, after having completed the necessary construction, appellant presented his application to the Board, which challenged appellant's application and adjourned the hearing without rendering a decision. Two days later, David Ranney, the Town Superintendent of Public Works, issued a stop-work order, stating that the buildings did not comply with the building code requirements for residential dwellings. The order directed that the structures be made suitable for residential use. On October 2, 1989, appellant met with appellees and other town officials to discuss the stop-work order. As a result of the meeting, appellant agreed to resubmit building plans that would include kitchen facilities and bathrooms for each building in order to comply with the code. Additionally, as part of the agreement, the stop-work order would be lifted as soon as new building plans were completed.

On October 24, 1989, the Board of Appeals again considered appellant's request for special exceptions to convert the buildings for commercial use. Appellant informed the Board of his conversations with Deibel along with the conditions that had been agreed upon for lifting the stop-work order. The Board, on October 29, 1989, issued a letter denying appellant's application. In response, appellant appealed the Board's ruling to the Circuit Court for Harford County (Carr, J.). On January 26, 1990, the lower court reversed the Board's ruling and remanded the matter to the Board with instructions to grant the requested special exceptions and variances. The Board complied with the lower court's order and granted the special exceptions and variances.

On September 25, 1992, appellant filed a complaint in the circuit court against appellees and four other employees of the Town of Bel Air. Appellant filed suit to recover losses sustained as a result of the delays in completion of the project. Appellees and the four other defendants filed a joint motion for summary judgment. The trial court granted summary

judgment in favor of all of the defendants and determined that they were protected by public immunity. Appellant timely filed an appeal to this Court, which in turn affirmed the entry of summary judgments in favor of appellees on three of the four counts. With respect to appellees, we held that there was no support in the record for the lower court's conclusion that their positions qualified them for official immunity, and remanded for further proceedings on that issue. Finding that appellant's challenge to the circuit court's ruling that appellees acted without malice, as of a matter of law, was moot, we declined to address that issue.

On remand, appellees moved for summary judgment. The circuit court granted summary judgment in favor of appellees and held that Deibel qualified for immunity by virtue of her position, but Docken did not. Although Docken was not entitled to immunity, the lower court concluded that neither appellee was liable for negligent misrepresentation on the facts presented. Appellant timely noted this appeal.

## DISCUSSION

### I

Appellant maintains that the lower court erred in determining that Deibel was entitled to public official immunity. He argues that Deibel failed to satisfy the elements that constitute public official status. Specifically, he asserts that the sovereignty Deibel exercised was not exercised in her own right. Deibel contends that her positions as the Director of Planning and the Zoning Administrator entitle her to public official status and, therefore, to public official immunity, since her job was created by law and involves continuing rather than occasional duties. Further, she urges that, by enforcing the subdivision regulations and zoning ordinances, she "exercise[s] some portion of the sovereign power of the State."

It is well established that an individual who is a public official, as opposed to a government employee, is immune from liability for "his [or her] tortious conduct occurr[ing] while he [or she] was performing *discretionary*, as opposed to *ministe-*

*rial,* acts in furtherance of his [or her] official duties." *See James v. Prince George's County,* 288 Md. 315, 323, 418 A.2d 1173 (1980) (emphasis added; citations omitted). In addition, § 5–321(b)(1) of the Maryland Code provides in relevant part:

An official of a municipal corporation, while acting in a discretionary capacity, without malice, and within the scope of the official's employment or authority shall be immune as an official or individual from any civil liability for the performance of the action.

MD. CODE (1995 Repl.Vol.), CTS. & JUD. PROC. § 5–321(b)(1).

In *Duncan v. Koustenis,* 260 Md. 98, 105, 271 A.2d 547 (1970), the Court of Appeals set forth the following criteria for determining whether a person is a public official:

(1) the position was created by law and involves continuing and not occasional duties;

(2) the holder performs an important public duty;

(3) the position calls for the exercise of some portion of the sovereign power of the State; and

(4) the position has a definite term for which a commission is issued and a bond and an oath are required.

The four guidelines are not conclusive and each may be given greater or lesser emphasis depending on the factual circumstances. *James,* 288 Md. at 324, 418 A.2d 1173. Moreover, an individual who fails to meet most of these tests may still be considered a public official if he or she exercises a large portion of the sovereign power of government. *Id.* at 324–25, 418 A.2d 1173.

In the case at bar, neither party disputes that both of Deibel's positions involve continuing and not occasional duties. Both parties acknowledge that neither of Deibel's positions have a defined term for which a commission has been issued. No bond or oath in either capacity as Director of Planning or Zoning Administrator has been taken. Appellant mainly focuses on whether Deibel's positions were created by law, and whether they call for the exercise of some portion of the sovereign power of the State.

In support of the motion for summary judgment, the circuit court was provided copies of certain sections of the Bel Air Town Code establishing that both the positions of Director of Planning and of Zoning Administrator are created by law. The Town's Charter which establishes the position of Director of Planning is provided for in Section 602 of the Town of Bel Air Code which states: "In addition to the Town Administrator there may be department heads including a Chief of Police, Superintendent of Public Works, Director of Planning and a Town Clerk." Section 602(b) requires the Town Administrator to appoint the Director of Planning with the approval of the Board of Town Commissioners. Further, Zoning Ordinance No. 208 Article 15.01 states: "There is hereby established the office of Zoning Administrator to enforce this Ordinance in accordance with its administrative provisions." Clearly, the positions of Director of Planning and of Zoning Administrator are established by the Code of the Town of Bel Air as public offices that are appointed by the commissioner and created by law.

Appellant next asserts that the sovereign power that Deibel exercises is not exercised in her own right. This contention is in direct contravention of the Town of Bel Air Development Regulations Section 2.03 (1997), which states that the Zoning Administrator has the power and duty to conduct inspections and surveys to determine whether violations of the zoning ordinance exist. These regulations also cloak Deibel with the authority to seek criminal or civil enforcement of the ordinance and take any action on behalf of the county to abate any violation or potential violation. *See* section 2.03. This evidence plainly establishes that Deibel was acting subject to the direction and control of the sovereign when she advised appellant of the changes he needed to make in order to obtain the special exceptions. Accordingly, the lower court correctly determined that Deibel was a public official under the guidelines set forth in *James*.

The lower court also correctly ruled, as a matter of law, that Deibel acted in a discretionary capacity. " 'Discre-

tion' is the power conferred upon [public officials] by law to act officially under certain circumstances according to the dictates of their own judgment or conscience, and uncontrolled by the judgment or conscience of others." *Ashburn v. Anne Arundel County,* 306 Md. 617, 623, 510 A.2d 1078 (1986) (quoting *Schneider v. Hawkins,* 179 Md. 21, 25, 16 A.2d 861 (1940)). Whether an act of a public official is discretionary or ministerial turns on whether the act "which involves an exercise of [the official's] personal judgment also includes, to more than a minor degree, the manner in which the police power of the State should be utilized." *James,* 288 Md. at 327, 418 A.2d 1173.

In the case *sub judice,* Deibel acted in a discretionary capacity as both the Director of Planning and Zoning Administrator. The job description for the Director of Planning, set out in the Town Code, provides that the director is responsible for "managing the overall land use planning function for the Town, and reviews all plans and specifications for all construction, development and redevelopment to insure compliance with appropriate laws and regulations." Clearly, Deibel used her own judgment when she advised appellant of what changes needed to be made in order to obtain a variance and permission to construct a commercial building in a residential area. Hence, the decisions made by Deibel as Director of Planning are inherently discretionary.

In addition, Deibel has discretion to make decisions in her capacity as Zoning Administrator. Article 15.02 of the Zoning Ordinance explicitly states that "[i]t shall be the duty of the Zoning Administrator to issue a Zoning Certificate provided he [or she] is *satisfied* that the building or premises and the proposed use thereof conform with all the requirements of this Ordinance." (Emphasis added.)

Deibel is required to exercise her judgment to make these determinations when issuing a permit to an entity or individual. Hence, this position requires one to make a discretionary, not a ministerial decision. Although Deibel does not satisfy all four prongs of the above test, the law of the Town of Bel Air

has bestowed on her position of Zoning Administrator discretionary power sufficient to qualify her as a public official. Therefore, the trial court correctly determined, from the evidence submitted to it, that appellee Deibel was a public official who acted in a discretionary capacity, as a matter of law.

## II

■ Appellant also contends that the circuit court erred in holding that appellees were not liable for negligent misrepresentation. Specifically, appellant asserts that he proceeded in reliance upon appellees' representations, which consisted of directions with respect to seeking approval for his commercial construction project. Appellant argues that his reliance on appellees' statements and directions caused him to suffer substantial losses due to the delays in the completion of his project.

Appellees counter by arguing that appellant's claim for negligent misrepresentation is precluded because he failed to establish that appellees owed him a duty of care. Appellees assert that the evidence presented does not support a finding that there was a special relationship between the parties at the time the statements were made. Appellees also contend that neither of them provided false information to appellant in regard to requirements necessary for the Board's approval. Appellees further argue that they provided nothing but assistance to enable appellant to complete his project.

■ The elements of negligent misrepresentation are:

(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;

(2) the defendant intends that his statement will be acted upon by the plaintiff;

(3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;

(4) the plaintiff, justifiably, takes action in reliance on the statement;

(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Martens Chevrolet, Inc. v. Seney,* 292 Md. 328, 337, 439 A.2d 534 (1982).

■■■ Appellant's assertions, in opposition to the trial court's ruling that Deibel owed him a duty of care and breached it, are not persuasive. We held, in *L & P Converters v. Alling & Cory Co.,* 100 Md.App. 563, 570, 642 A.2d 264 (1994):

> Where failure to exercise due care only creates a risk of economic loss, an intimate nexus between the parties is generally required. The requirement of an intimate nexus is satisfied by contractual privity or its equivalent. In the absence of contractual privity, its equivalent has been found and a tort duty imposed when a sufficiently close nexus or relationship is shown.

(Citations omitted.) The circuit court found, from the evidence presented, that the circumstances under which appellant and Deibel came together did not create a relationship sufficiently close to impose a duty on Deibel not to negligently make statements regarding the plan of action for the completion of appellant's project. In its ruling, the lower court stated:

> No special relationship existed between Ms. Deibel and [appellant]. The parties were not privy to any contract, for [appellant] simply went to Ms. Deibel for advice. Therefore, she owed him only a reasonable standard of care, and "unless the maker of the false statement owes a duty of care to the party who relies on it, there can be no recovery for negligent misrepresentations." *See Gross v. Sussex Inc.,* 332 Md. 247, 261 [630 A.2d 1156] (1993).

Further, appellant's damages sustained from the delay in construction were not proximately caused by Deibel. The delay was, in fact, caused by the Board's initial denial of appellant's application; hence, Deibel is not liable.

Despite the circuit court's ruling, appellant urges us to adopt the liability standard set forth by the courts of the State of Washington where a government employee can be held liable in tort if a "special relationship" is found to exist between the employee and the private person. The Supreme Court of the State of Washington (En Banc) held that the special relationship exception arises when:

> (1) there is some form of privity or direct contact between the governmental agency and the plaintiff which sets the latter apart from the general public, . . .; (2) specific assurances are given by the agency, resulting in a duty being undertaken by the governmental entity, . . .; and (3) the plaintiff justifiably relies on those assurances. The government then owes the plaintiff a duty of due care to ensure that the assurances given are correct.

*Meaney v. Dodd,* 111 Wash.2d 174, 759 P.2d 455, 457 (1988). The court in *Meaney,* however, failed to hold the government accountable for negligent misrepresentation in the absence of express assurances to the individual. *Id.* at 457–59. In the instant case, Deibel provided her opinion with respect to appellant's commercial project, and did not make any false statements. Deibel's recommendations did not provide appellant with any express assurances of the Board's decision with respect to appellant's project. Deibel only provided appellant with assistance in interpreting the process under the zoning ordinance and had no effect on the Board's decision to grant or deny appellant's application for the special exceptions. Even if we were to adopt the *Meaney* standard—which we do not—Deibel would still be relieved of liability since no special relationship existed between her and appellant. Therefore, the lower court correctly determined, based on the evidence, that Deibel's statements to appellant did not constitute negligent misrepresentation.

Finally, appellant posits that the circuit court erroneously concluded that Docken could not be held liable for negligent misrepresentation. Appellant contends that Docken breached his duty of care to him by failing to advise appellant of the correct procedure for obtaining a commercial building permit.

Specifically, appellant states that Docken changed the wording on the application from "commercial buildings" to "dwellings" without advising him of the ramifications. Docken responds by stating that no special relationship existed between appellant and Docken that would justify the imposition of tort liability. Docken contends that he did not make any false statements, and was only performing his required duties as Assistant Planner.

The record reflects that Docken presented evidence to the court demonstrating that he was obligated to change the wording on appellant's application from "commercial office building" to "dwellings" in order to conform with the zoning regulations. In its ruling, the lower court stated:

> Mr. Docken corrected the application for [appellant's] benefit; instead of summarily denying the application because it violated the current zoning ordinance, he expedited the process.... He is further required to "process all ... applications for building permits ... for conformance with zoning regulations." Had Mr. Docken neglected to change the applications, not only would [appellant's] project [have] been delayed further, but Mr. Docken would not have [been] performing his required duties as Assistant Planner. Essentially, he was required to make the corrections.

(Citations omitted). In addition, the lower court held that the duty Docken owed to appellant was one of reasonable care; therefore, no special relationship existed between the parties. Further, appellant did not suffer any injury from Docken's actions; rather, his permit issuance can be attributed to Docken's correction on appellant's application for special exceptions. Therefore, the lower court correctly determined that Docken was not liable for negligent misrepresentation.

In sum, we conclude that the circuit court did not err when it granted appellees' motion for summary judgment. Deibel's positions as Director of Planning and as Zoning Administrator entitle her to public official immunity that in turn shields her from liability for negligent misrepresentation. In addition, the evidence presented did not support a finding that appel-

lant enjoyed a sufficiently close nexus or special relationship with either appellee which would warrant a duty of care. Further, the damage that appellant suffered was not proximately caused by either appellee. Consequently, the lower court correctly granted appellees' motion for summary judgment.

**JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**