FILED
COURT OF APPEALS
DIVISION II

2014 AUG 12 PM 12: 48

STATE OF WASHINGTON

BY

DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DOUGLAS McLEAN,<br><br>Appellant,<br><br>v.<br><br>THE TOWN OF STEILACOOM, a municipal corporation,<br><br>Respondent. | No. 44543-3-II<br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, C.J. — Douglas McLean appeals the superior court's summary judgment order dismissing his negligence-based contract claim for damages against the Town of Steilacoom (the Town).[1] McLean alleged that he had a contract with the Town for the provision of storm drain services to his property and that the Town breached its contract by failing to control storm water that damaged his property following substantial rainfall. Because the superior court did not err in applying the public duty doctrine to McLean's negligence-based contract claim under *Ravenscroft v. Washington Water Power Co.*, 87 Wn. App. 402, 942 P.2d 991 (1997) (*Ravenscroft* I), *aff'd in part and reversed in part on other grounds*, 136 Wn.2d 911,

---

[1] The superior court also dismissed McLean's negligence claims on summary judgment. McLean does not challenge that decision.

969 P.2d 75 (1998), and *Ravenscroft v. Washington Water Power Co.*, 136 Wn.2d 911 (*Ravenscroft* II), we affirm.

FACTS

In 2007, McLean purchased a home and property in Steilacoom and applied to the Town to establish full utility service, which included storm drain services. McLean consistently paid his utility bill.

In mid-January 2009, a storm deposited substantial rainfall on McLean's property, and a portion of his property sloughed off and slid down the side of an abutting ravine. Just over three years later, McLean filed a summons and complaint against the Town for damages caused by the landslide. He alleged several negligence claims and a breach of contract claim, asserting that the Town had breached its utility services contract with him by negligently maintaining its storm water collection system.

The Town moved for summary judgment on all of McLean's claims. In regard to the contract claim, the Town argued that it was based on an unwritten contract so the statute of limitations had expired and that the claim was "frivolous" because the contract did not contain a promise that McLean's property would never be damaged by storm water and no such verbal agreement was binding under the applicable municipal code. Clerk's Papers at 27. Although the superior court granted summary judgment and dismissed the negligence claims, it initially denied summary judgment as to the contract claim.

No. 44543-3-II

The Town moved for reconsideration on the contract claim issue arguing that under *Ravenscroft* I and II, the public duty doctrine precluded the contract claim.[2] Agreeing with the Town, the superior court granted the motion for reconsideration and dismissed the contract claim. McLean appeals this order.

## ANALYSIS

The dispositive issue in this case is whether the superior court erred in applying the public duty doctrine to McLean's negligence-based contract claim. We hold that it did not.

### I. STANDARD OF REVIEW

We review summary judgment orders de novo. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). The superior court properly grants summary judgment when the pleadings and affidavits show no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We consider all facts and reasonable inferences in the light most favorable to the nonmoving party and review de novo all questions of law. *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

### II. PUBLIC DUTY DOCTRINE AND *RAVENSCROFT*

Courts usually apply the public duty doctrine in tort claims:

> Municipal corporations are liable for damages arising out of their tortious conduct, or the tortious conduct of their employees, to the same extent as if they were a private person or corporation. RCW 4.96.010(1). When the defendant in a negligence action is a governmental entity, the public duty doctrine provides that a plaintiff must show the duty breached was owed to him or her in particular, and

---

[2] McLean appears to assert here that the superior court should not have considered the public duty doctrine/contract argument because the Town did not present this argument earlier. But McLean does not present any argument or legal citation in support of this issue. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290, *review denied*, 136 Wn.2d 1015 (1998); *see also* RAP 10.3(a)(6). Accordingly, we decline to address this issue.

3

> was not the breach of an obligation owed to the public in general, i.e., a duty owed to all is a duty owed to none. [*Babcock v. Mason County Fire Dist. No. 6*, 144 Wn.2d 774, 785, 30 P.3d 1261 (2001)]; *Beal v. City of Seattle*, 134 Wn.2d 769, 784, 954 P.2d 237 (1998) (citing *Taylor v. Stevens County*, 111 Wn.2d 159, 163, 759 P.2d 447 (1988)). This doctrine "recognizes that a fundamental element of any negligence action is a duty owed by the defendant to the plaintiff." *Meaney v. Dodd*, 111 Wn.2d 174, 178, 759 P.2d 455 (1988). In this way, the public duty doctrine is a focusing tool used to determine whether the defendant "owed a duty to a 'nebulous public' or a particular individual." *Osborn v. Mason County*, 157 Wn.2d 18, 27, 134 P.3d 197 (2006) (internal quotation marks omitted) (quoting *Taylor*, 111 Wn.2d at 166).

*Munich v. Skagit Emergency Commc'n Ctr.*, 175 Wn.2d 871, 878, 288 P.3d 328 (2012). In

*Ravenscroft* I, Division Three of this court addressed whether the public duty doctrine can also

apply to contract-based claims under certain circumstances and held that it could. 87 Wn. App.

at 416-17.

In *Ravenscroft* I, the plaintiff, Ravenscroft, asserted a contract claim against Spokane

County as a third party beneficiary to a cooperative agreement between the State and the county

that provided funding for boating safety and enforcement programs in exchange for the county's

participation in those programs.[3] 87 Wn. App. at 406-07. Division Three held that although

"[g]enerally a breach of contract does not give rise to an action in tort[,] the negligent

performance of a contract may create a tort claim if a duty exists independently of the

performance of that contract." *Ravenscroft* I, 87 Wn. App. at 417 (citing *Am. Nursery Prods.,

Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 230, 797 P.2d 477 (1990)). Ultimately, the court

held that even assuming that Ravenscroft was a third party beneficiary to the "cooperative

agreement between the State of Washington and [Spokane] County," the public duty doctrine

---

[3] Ravenscroft was injured when a boat he was riding in hit submerged tree stumps in an area of Long Lake that Spokane County was responsible for maintaining. *Ravenscroft* I, 87 Wn. App. at 407-09.

barred his claim because the basis for the claim was an underlying negligence action and the duties the contract imposed on the county were duties owed the public and not a particular individual. *Ravenscroft* I, 87 Wn. App. at 416. On appeal before our Supreme Court, Ravenscroft did not challenge Division Three's conclusion that the public duty doctrine applies "to a negligence action based on failure to perform contractual duties, if a duty exists independent of the contract." *Ravenscroft* II, 136 Wn.2d at 928.

We hold, in accordance with *Ravenscroft* I, that the public duty doctrine is applicable to McLean's breach of contract claim, which is based solely on the municipality's negligence, and we affirm the court's granting of summary judgment. McLean's contract[4] with the Town for storm drain services was based on municipal codes that required the Town to provide these services to the public. In fact, McLean admits that the Town's obligation to maintain the storm water system arises from the Town's municipal code. Specifically, he cites to the Steilacoom Municipal Code (SMC) 13.50.020(3), (8), (9), and ch. 13.50 SMC for the premise that the Town storm water system was "necessary to protect property owners from water runoff, to decrease storm water-related damage, and to protect the health, safety and welfare of the inhabitants of the Town." Br. of Appellant at 12.[5] And he asserts, "These are the services for which [he] has contracted with the Town."[6] Br. of Appellant at 12.

---

[4] Because we are not asked to decide whether an oral or written contract exists, we presume the contract's existence. Nor do we decide the applicable statute of limitations.

[5] McLean cites SMC 13.24.030, but it is clear from his argument that he is referring to SMC 13.50.020.

[6] We note that McLean has never argued that the public duty doctrine does not apply for any other reason than this issue is a contract issue.

McLean's attempt to distinguish *Ravenscroft* I and II is not persuasive. He argues that the *Ravenscroft* I and II opinions are inapposite because (1) Ravenscroft was not a party to the contract and had claimed to only be a third party beneficiary to the contract, (2) there was no privity of contract between Ravenscroft and the parties that had executed the contract, and (3) the contract had expired before Ravenscroft suffered his injuries. But Division Three assumed for purposes of its public duty doctrine analysis that there was a contract and that Ravenscroft was a third party beneficiary of that contact, and the court never mentioned that the contract had expired before Ravenscroft was injured. Thus, these distinctions are immaterial.

Given the basis for McLean's negligence-based contract claim is the municipal code that applies to the public in general and McLean has not shown any disputed facts as to whether the Town showed a duty to him in particular, the trial court did not err in applying *Ravenscroft* I and finding that the public duty doctrine precludes McLean's negligence-based contract claim. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

MAXA, J.

MELNICK, J.

6